PENDLETON,
President. Upon the third point, the question is, whether the Court or the jury are to assess the double value? For, if the Court, then the evidence was proper; but, if the jury, then it was not.
PENDLETON, President. If the landlord did dis-train for too much, was he entitled to the double value ?
The Court having taken a few days to consider the case;
PENDLETON, President, now delivered their resolution ; that the judgment was erroneous on account of the Court’s permitting the copy of the deed to be given in evidence, without any other proof than the Clerk’s certificate of its being proved by one witness. Because, although the copy would have been sufficient, if the appellant refused to produce the original when called on, yet, it ought to have been proved to have been a copy by other evidence. For, its being proved by one witness, did not authorise thé recording of it under the act of Assembly. That, therefore, the judgment was to be reversed, and the cause remitted to the District Court for a new trial to be had.
*105 The judgment was ás follows : “The Court is of opinion, that there is error in the said judgment in this, that the said District Court permitted the copy of the lease from the appellee to the appellant to be given in evidence on the trial without other proof of the execution of the original, or of its being a true copy thereof, than the certificate of Moses Hunter annexed to the copy ; since, although the proof of the execution ought to have been dispensed with, on the appellant’s refusing to produce the original in his possession, it was incumbent on him to have proved the truth of the copy by better proof than the certificate of the Clerk from the records ; as the recording of the original on proof by one witness is not warranted by law. * Therefore, it is considered by the Court, that the said judgment be reversed and annulled, and that the appellant recover against the appellee his costs by him expended in the prosecution of his appeal aforesaid here, and it is ordered, that the jurors’ verdict be set aside, and that the cause be remanded to the said District Court for a new trial to be had therein, in which, if the appellant shall refuse to produce the original lease, the copy shall be admitted as evidence, upon the appellee’s proving, either that it is a true copy, or that the probat in Berekely County Court, was made at the instance of the appellant. And, it is further ordered, that upon the trial and after the verdict, if the jury shall find for the avowant, and ascertain the rent due, the tenant shall be allowed to give in evidence to the Court, that more rent was distrained for, than shall be so found due, in order to avoid the entry of the judgment for double the vajue of the rent, and confine the same to the rent only,”

[* Currie v. Donald, 2 Wash. 64. A copy, of a deed duly recorded, certified by the Clerk to be a true copy, is admissible as primary evidence, Baker, Treasurer v. Preston et al. Gilmer, 235, 284-6.]