Judge Green.
It is admittéd that there is error in this case, in requiring bail, and entering judgment against him, and failing to suggest breaches of the condition of the bond, if the Court can ascertain from the record, that the bond sued upon was really a bond with a collateral condition. But, it is suggested, that in a case like this, when the declaration states the obligation, without intimating that there was any condition; and when there was a writ of enquiry, the bond, although copied into the record, is not properly a part of it. If this were so, still this would appear to be a suit upon a bond with a collateral condition, from the plaintiff’s endorsement on the writ, which is a part of the record. In all cases of a judgment by default for want of appearance, the'writ with the endorsement is a necessary part of the record, that it may be seen whether there was a proper foundation for the judgment, both as to the defendant and the bail; and the fact of there having been a writ of enquiry, is a proof that the bond had a condition, and that it was collateral. If it was a single bill, or a bond with a condition to pay money, no writ of enquiry could have been awarded; but final judgment should have been entered for. principal and interest by the clerk.
The judgment must, therefore, be reversed; and as the Court below ought to have dismissed the suit, instead of executing the writ of enquiry, this Court, giving such judgment as the Court below ought to have given, should dismiss the suit.
The other Judges, concurred, and the suit was dismissed.*