THE STATE, on the relation of MERRILL, &c. *v.* M'CLANE and Others.

An action on a sheriff's bond, for not collecting militia fines due to the county seminaries, lies in the name of the state on the relation of the treasurer, who is the trustee of the fund.

It is unnecessary, in the declaration on a sheriff's bond, to aver a non-payment of the

penalty. *Aliter*, in the case of penal bonds payable by one private person to another.

Nov. Term,
1828.

THE STATE
v.
M'CLANE.

Wednesday,
November 12.

APPEAL from the *Wayne* Circuit Court.

SCOTT, J.—An action was instituted in the *Wayne* Circuit Court by the state of *Indiana*, on the relation of *Samuel Merrill*, treasurer, for the use of the county seminaries, against *William M'Clane*, sheriff of *Wayne* county, and his sureties, on his official bond. The declaration charges, that certain lists of fines for non-performance of military duty had been put into the hands of the defendant *M'Clane*, as sheriff, for collection; and that he had neglected and refused to collect the same. The defendants demurred generally to the declaration, and had judgment in the Circuit Court.

It is alleged in support of the demurrer, that no person appeared as a relator who was responsible for costs. This objection *to the declaration* we think insufficient. The fines mentioned in the declaration belong, when collected, to the seminary fund: *Samuel Merrill*, as treasurer, is the trustee of that fund; he is, therefore, the proper person to appear as relator in such cases. It is a general rule that the unsuccessful party pays costs, but there are some exceptions to that rule. It is a general rule also, that, in actions brought on official bonds, some person must appear as relator who has a beneficial interest in the suit, and who is responsible for the costs, where costs are legally demandable; but it does not follow, that no man can appear as relator in cases where the law allows no costs.

Another and, we presume, the principal ground taken in support of the demurrer, is, that the declaration contains no averment of the non-payment of the penalty of the bond by the defendants or either of them. This ground is also untenable. In actions on common penal bonds for the payment of money, or for the performance of some specific duty to any private person, it is necessary, in the declaration, to aver the non-payment of the penalty as well as the breach of the condition; and such are all the forms; but a sheriff's official bond is made for a different purpose and is subject to a different rule. Official bonds are made to the state for the benefit of all persons, who may be aggrieved by the negligence or malconduct of the officer. No man in the state is competent to receive the amount

of such bond; no payment to any man in the state would exonerate the officer or his sureties; and it is therefore unnecessary to aver, in the declaration, the non-payment of the penalty.

For these reasons we think the demurrer ought to have been overruled.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*Rariden*, for the appellant.
*Dunn*, for the appellees.