Tucker, P.
At common law, in the action of replevin, after issue joined, both parties are plaintiffs, and therefore the plaintiff cannot suffer a nonsuit. Eggleton v. Smart, 1 W. Blacks. 375. Jones v. Concannon, 37 T. R. 661. Hodgkinson v. Snibson, 3 Bos. Pull. 603. But, before issue joined, he is the only plaintiff; and he might therefore have suffered a nonsuit, and terminated the whole process. But when he did so, the judgement was not merely that he take nothing by his bill, as in other cases of nonsuit: for having, by his replevin, got what he principally wanted, that is, his goods, and then abandoned the process instituted to establish *418 his right to them, it was right he should be compelled to re- , turn them. Hence* the judgement, in case of nonsuit in replevin, went on to. award that the defendant should have a return of the goods and chattels; Tidd’s Pract. Forms, p. ^QQ' 'Auci ,this was equally the case whether the nonsuit was before or after avowry, as where it was for want of a declaration; Id. 586. If then the case at bar stood unaffected by any statute, the court ought to have given a mere judgement for a return of the goods, when the plaintiff suffered a nonsuit; and whether there was a good or bad avowry filed, or whether an avowry was filed or not, the judgement must have been the same.
In England, however, the common law has been modified by several statutes. Those passed in the reign of Henry 8. gave to the avowant damages for the vexatious replevin, either in case of judgement against the plaintiff upon demurrer on a nonsuit, or in case the jury found for the avowant; in which last case, the same jury might assess the damages; but if they failed to do so, a writ of inquiry might be awarded ; and, in the two first cases, the avowant was always entitled to his writ of inquiry. 1 Wms. Saund. 195. c. in note. An extract from the statutes is to be found in the same note. They are, I presume, not in force at this time in Virginia. Next came the statute 17 Car. 2. the provisions of which may be found in the same note. But this statute never was in force with us, nor was the statute 11 Geo. 2. ch. 19. § 22. dispensing with the necessity of regularly setting out in the- avowry the title of the lessor or landlord ; 2 Id. 284. c. But though the statute of 17 Car. 2. was never in force, yet we have long had a provision in our statute book making a great innovation in the common law: it will be found in the statute of 1769, ch. 4. 8 Hen. Stat. at Large 382, 3. and in the Old Rev. Code, Pleasants’s edi. ch. 89. <§> 15. and 1 Rev. Code, ch. 113. <§> 23. p. 451. and it was the law of the land at the time of the commencement of this suit. By this statute it is provided, that “ if upon the trial of the suit, it be found that the rent distrained for was justly due, the *419 party injured or delayed'by suing forth the writ of replevin, shall recover against the party suing forth and prosecuting the same, double the value of the rent distrained for, and full costs.” Yet, though this statute devolves upon the landlord a right to double rent, it makes no particular provisions for the mode in which the party is to proceed. It leaves the courts to mould the remedy to the right, or, what is much better, to follow the established course of proceeding in analogous cases at common law, or cases under analogous english statutes. It is to be wished, I think, that this court had pursued the latter course in Maxwell v. Light, 1 Call 117. instead of the practice established in that case, which seems to me both anomalous and inconvenient. Be this as it may, that case respected a trial where an issue had been made up between the parties: our concern is with the case of a nonsuit after avowry.
That the right of the landlord to a judgement for double rent, was confined to the case of an issue made up and trial thereof between the parties, and did not extend to a judgement in case of nonsuit or upon demurrer, does not seem to be a reasonable construction. The double damages were given as a satisfaction for the delay and injury of suing forth the writ, and the wrong is enhanced where the proceeding has been so frivolous, that the plaintiff himself has abandoned his pretensions. Upon nonsuit, therefore, or upon demurrer, 1 think the avowant is entitled to double rent if it shall .appear that the rent distrained for was justly due. But how is that fact to be ascertained ? I answer by a writ of inquiry. And how is the inquiry to be presented to the jury, where the plaintiff has suffered a nonsuit before the pleadings are made up ? I answer, by filing a suggestion in the nature of an avowry. Now, this is precisely the course which was pursued under the statutes of Hen. 8. Those statutes gave the landlord a right to damages, but they said not a word as to the mode in which the party was to get at them. The courts therefore decided, that these damages were to be ascertained by writ of inquiry; 1 ffms. Saund, *420 195. c. in note; 6 Bac. Abr. Replevin and Avowry. L. pp. 84, 6. 14 Petersd. Abr. 280. Lord Rardxoiclce seems, indeed, to have laid down a very broad and proper principle, that in every case where it may be necessary for the purpoge jjgjHg comp]ete justice, a writ of inquiry may be granted; with the exception of the case of a jury failing to inquire of the rent in arrear under the statute of Charles, which in strong language, seems to tie up the inquiry to the jury impanneled to try the issue. But the courts also decided, under the same statutes, although they contain not a syllable about a suggestion, that if the landlord would, in the case of nonsuit, entitle himself to damages within the statutes, he must make a cognizance or avowry, or a suggestion pro retorno habendo; 1 Wms. Saund. 195. e.
From these analogies, I am of opinion, that where the landlord chooses to avail himself of the statute, he must in case of nonsuit before issue joined, file a suggestion in the nature of an avowry, and thereupon a writ of inquiry must be awarded to inquire of the value of the rent in arrear. He may, however, waive the statute, and take the common law judgement de retorno habendo, since the statute only adds to his remedy. 1 Wms. Saund. 195. c; Rees v. Morgan, 3 T. R. 349.
In this case, the parties have been supposed to have proceeded under the statute of February 1823. That statute cannot apply to an action brought before its commencement. For though, at first view, it may seem to affect the remedy only, it in fact most materially acts upon the rights of the parties. When the lessee brought this suit, the landlord under the statute then existing, immediately became entitled to recover double rent, if the distress was found rightful. The statute of 1823 takes away the double rent, and gives in lieu of it, damages not less than ten per cent. It goes then to the right, and not merely to the remedy, ar.d is obviously not binding upon the rights of the landlord. But if not in force as to the landlord, it cannot be in force as to the tenant. If it is law for one, it is law for the other. I consi *421 der it therefore as not applying to this case. But I am not satisfied, that the proceeding is not perfectly reconcileable with the previous statute. By it, a writ of inquiry is rendered necessary for ascertaining whether the rent distrained for was justly due and in arrear. Now, that is the inquiry directed here, in effect; and the jury have found 120 dollars of rent in arrear, which is the amount avowed for. Upon this verdict, the landlord might have demanded judgement for double rent; but by his consent, judgement was entered for the rent in arrear with interest at six per centum only: thus waiving the heavy penalty which the law entitled him to insist on.
It is contended, however, that the avowry is bad, according to the decision of Southall v. Garner, 2 Leigh 372. in which it is declared that as the statute of 11 Geo. 2. ch. 19. § 22. is not in force in Virginia, the old common law strictness, as to setting forth the avowant’s title in the avowry, must be adhered to. Admitting this doctrine in its fullest extent, in its application to an avowry upon which an issue in fact or in law is made up, 1 do not think it can apply to a mere suggestion after a nonsuit, of which character the avowry in this case must be considered, as the plaintiff neither demurred nor pleaded to it. Where the parties go to issue upon the right of distress, there is more reason to demand that the title out of which the right grows, should be distinctly stated. But, in the case of a nonsuit, the plaintiff waives the contest, and acknowledges the right; and the writ of inquiry is only to ascertain the quantum of the demand. This is the general character of a writ of inquiry. See the cases collected 10 Petersd. Abr. 654. & seq. The suggestion, therefore, in this case, would seem sufficient. Why insert the title in detail, when the tenant cannot contest or traverse it in this stage of the proceeding. The landlord, indeed, must prove the lease, and the rent due; and the tenant is at liberty to controvert its being in arrear, by proving payments; but I apprehend he can no more plead in this case to the suggestion, than he could plead to *422 the suggestion of breaches after a judgement by default in debt on bond with collateral condition. See Bullythorpe v. Turner, Willes 435. Foot’s case, 1 Salk. 93. 14 Petersd. 268. in note. 1 Wms. Saund. 58. note 1. Upon looking jnt0 t[ie forms 0f these suggestions, I incline to think, they were much more general than avowries, even before the statute of 11 Geo. 2. ch. 19. See Tidd’s Pract. Forms 586. which I take to be under the statute of Charles 2. and not of George 2. That is quite general.
Upon the whole, I am therefore for affirming the judgement, without thinking it necessary to resort to the statute of jeofails to sustain the avowry or suggestion.
Cabell, J. The statute of jeofails declares, that no judgement entered by nil ¿licit, or non sum informatus, shall be reversed, nor shall a judgement after inquiry of damages be stayed dr reversed, for any omission or fault which would not have been a good cause to stay or reverse the judgement, if there had been a verdict. I have never considered this statute as embracing any case of judgements by default for want of appearance; whether those judgements be final, as in case of office judgements confirmed in actions on bonds, bills or notes; or merely interlocutory, and afterwards completed by writ of inquiry of damages, as in actions on the case. That it does not extend to the former class of cases, is manifest from Nadenbush v. Lane, 4 Rand. 413. If this were not so, the plaintiff might bring his action on a bond for 100 dollars, which the defendant, knowing it to be just, might fail to defend, in the full confidence that no judgement could be rendered, which the bond would not justify; and then the plaintiff might file his declaration on a bond, forged or paid, for ten times the amount, and recover a judgement which would be irreversible. I think it equally clear, that the statute does not apply to cases of judgements after writs of inquiry, where the writs of inquiry have been awarded on default for want of appearance. The principle is precisely the same in both cases, and it applies more ford *423 hly to the latter than to the former; for in the latter, the plaintiff may, in his declaration, not only enlarge the amount claimed in his writ, but he may change the form of action altogether. He may bring his action on an uncontested account, and may then file his declaration, and go before the jury, for slander or assault and battery. But the statute expressly embraces judgements by nil dicit and non sum informatics; which judgements, we know, are never rendered except where the party has previously appeared : and the parly having once appeared, it is his own folly not to see that every thing is correct, or to abandon the case before it is ended. The statute also embraces, in terms, judgements after inquiry of damages. But although these words are general, I do not think they were intended to have a universal application. I think they were intended to apply only to those cases, where, as in the cases of judgements by nil dicit and non sum in* formatus, there has been a previous appearance by the party. But even this restricted application of the statute is sufficient to embrace the case before us; for here the party had appeared. Therefore, I am of opinion to affirm the judgement.