SPAULDING (BURCH v.). See Case No. 2,140.

SPAULDING v. DUFF. See Case No. 13,219.

---

## Case No. 13,216.

### SPAULDING v. EVANS.

[2 McLean, 139.] [1]

Circuit Court, D. Illinois. June Term, 1840.

PARTIES — NOTES — ALTERNATIVE PROMISE — PLEADING.

1. Where a note is given to A. B., C. D., E. F., or G. H., either of the promisees may bring the action in his own name.

2. The promise to pay is to either of the promisees, in the alternative.

[Cited in Seedhouse v. Broward (Fla.) 16 South. 429.]

3. In such a case it is not necessary to set out the note in terms in the declaration, but it is sufficient to state it according to its legal effect.

[Cited in Reynolds v. Hurst, 18 W. Va. 656.]

[This was an action on a note by Dunham Spaulding against John Evans.]

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

Cowles & Krum, for plaintiff.

Mr. Logan, for defendant.

OPINION OF THE COURT. This suit is brought upon the following note: "Chicago, 24th June, 1836. Twelve months after date I promise to pay Jameson Samuels, H. N. Davis, Elias T. Langham, or Dunham Spaulding, five hundred and seventy-five dollars, being for seven lots in Bellfontaine, value received. [Signed] John Evans." The action is brought in the name of Dunham Spaulding, and the note is described in the declaration as given to him, no reference being made to the other promisees. On the trial the note was objected to on the ground that it is not set out according to its tenor or its legal effect in the declaration. The defendant promises to pay either of the promisees. The disjunctive applies so as to give this effect to the instrument. It would seem, therefore, to follow that either of the promisees may bring the action in his own name, and in this case it would not be necessary to set out the note in full, but only so much of it as to show its legal effect. Mr. Chitty says (1 Chit. Pl. 10): "Where the contract was made with several persons, whether it were under seal or in writing, but not under seal or by parol, if their legal interest were joint, they must all, if living, join in an action in form ex contractu for the breach of it, though the covenant or contract with them was in terms joint and several." In 1 Saund. 153, note 1, it is said: "Though a man covenant with two or more jointly, yet if the interest and cause of action of the covenantees be several, and not joint, the covenant shall be taken to be several, and each of the covenantees may bring an action for his particular damage, notwithstanding the words of the covenant are joint." Dyer, 337; 2 Madd. 82; 3 Madd. 262, 263; Bull. N. P. 157; 2 Camp. 190. In a note, Chitty, as above cited, adds: "Where a bond is joint in form only, but several in substance, an action may be maintained in the name of the several obligees. But it seems if he can maintain such action on the bond, he must set forth the bond truly, and then by proper averments show cause of action to himself alone, clearly embraced within the condition of the bond." In 2 Johns. Cas. 374, it is laid down that when one of the several obligees, covenantees, etc., having a joint legal interest in the contract, dies, the action must be brought in the name of the survivors, and the executor or administrator of the deceased must not be joined, nor can he sue separately, though the deceased alone might be entitled to the beneficial interest in the contract, and the executor must resort to a court of equity to obtain from the survivor the testator's share of the sum recovered; but, if the interest of the covenantees were several, the executor of one of them may sue, though the other be living. Saund. 153, note 1; Burrows, 1097; 1 Chit. Pl. 19. Where two or more persons sign a joint and several obli-

gation, the obligee must sue one or all of them. 1 Saund. 291a, 3 Term R. 382. Partners are liable jointly, and not severally. 18 Johns. 459; 1 Wend. 524.

A declaration is good if it state such parts of the contract of which a breach is complained,—or, in other words, to show so much of the terms beneficial to the plaintiff in a contract,—as constitutes the point for the failure of which he sues; and it is not necessary or proper to set out in the declaration other parts, not qualifying or varying in any respect the material parts above mentioned. 4 Taunt. 285; 13 East, 18. The legal effect of the contract is all that need be stated. 1 Chit. Pl. 385. On a joint and several note either of the promisors may be sued, and in the declaration it is not necessary to notice the other party. 1 Chit. Pl. 116; Chit. Bills, 346; 4 Camp. 34; 5 Coke, 6; 1 Barn. & Ald. 224.

The declaration upon a note stated that the defendant and another made their note, by which they jointly or severally promised to pay; and upon error, after judgment by default, Lord Mansfield said: "If 'or' is to be considered in this case as a disjunctive, the plaintiff is to elect, and by the action he has made his election, to consider the note as several; but in this case it is synonymous to 'and'; 'both and each promise to pay.' Judgment affirmed." In an action against one of several makers of a joint and several promissory note, the describing it as the separate note of the defendant, without noticing the other parties, is no variance. 1 Saund. 291; 2 Chit. Pl. 581. A note signed by the defendant alone, but purporting in the body of it to have been made by the defendant and another person, was declared upon as the several note of the defendant, and it was agreed that it might be declared on according to its legal operation. Burrows, 322; 2 Camp. 308. The promise to pay, in the note under consideration, is to either of the promisees, and, this being the legal operation of the instrument, it is only necessary to allege the promise as made to the promisee who brings the action.

It is insisted, if the action can be maintained in the name of the plaintiff, it is necessary to set out the note in full, to enable the defendant to show payment to either of the promisees; that, it not being an instrument under seal, oyer cannot be craved, and that it is therefore necessary for the plaintiff to set out the note for the benefit of the defendant. It is true oyer cannot be technically prayed of this note, but it is not perceived why the rule to declare on an instrument according to its legal effect, may not apply in this case, as well as in every other where the action is brought on a contract not under seal. Where an action is brought against one of two or more makers of a promissory note, no notice need be taken of the other parties, and here the inconvenience complained of would exist the same as in the case under

examination. If the defendant has paid the note to either of the promisees, it is good, and he may prove this as readily as he could prove payment by a copromisor, if sued on a joint and several note. The declaration sets out the note according to its legal effect, and it cannot be rejected as evidence on the ground of variance. The note was admitted, and judgment for the plaintiff.