# Wheeling.

## ARCHIBALD VANDIVER *vs.* SAUL HYRE'S ADMINISTRATOR.

### July Term, 1872.

1. It was not error in the court below to refuse to issue a rule against parties who were not named in this suit, to cause them to show for whose use and benefit the same was prosecuted.

2. Oyer of a bond is craved after witnesses have been examined as to the hand-writing thereto, and before it is offered to the jury in evidence, and is refused. After it is introduced, oyer is again craved and allowed. And it is held that, under the circumstances, the refusal was not error to the defendant's prejudice, as he subsequently had the full benefit of the oyer.

3. It is further held that permitting the bond to be read as stated in No. 2, after oyer craved and refused, is not error.

4. It is not error to exclude evidence as to statements made by persons who are not parties to the suit, concerning the interest such persons have in the claim, under the issue raised by the plea of *non est factum*.

5. A demurrer, which was entered after the bond had been introduced in evidence and oyer had been prayed and allowed, should have been sustained, because it failed to allege the non-payment of the debt by the co-obligors, against whom suit had not been brought.

Action of debt brought to April rules, 1868, in circuit court of Mineral county, by Saul Hyre against Archibald Vandiver.

The defendant pleaded *non est factum* and payment.

Before the trial the plaintiff died, and the suit was revived in the name of Jacob Hyre, his administrator.

At the August term, 1870, the defendant asked the court for a rule against Reynolds and Welch, attorneys, and James H. Trout, sheriff of Mineral county, and Henry Judy, to show cause for whose use the suit was prosecuted. His motion was predicated upon two affidavits, which purported to state that the affiants were informed and believed that the suit was prosecuted for the use and benefit of Trout and Judy; who, they alleged, were to have one-half of the recovery; and that Jacob Hyre had refused to pay the fee bills in the case,

alleging that they were the real plaintiffs. The court refused the rule, and defendant excepted.

The second bill of exceptions was taken because, after the first day of the trial, and after several witnesses had been examined by plaintiff tending to prove the handwriting of the defendant, the former then offered to introduce the writing obligatory about which the witnesses had testified, in evidence to the jury; to which the defendant objected; whereupon the defendant craved oyer. The court refused the prayer for oyer.

The third bill of exceptions was taken because the writing obligatory was permitted to be read to the jury as evidence, upon the state of facts disclosed in the second bill of exceptions. After the writing obligatory had been read to the jury, the defendant again craved oyer, which was allowed; whereupon he demurred to the declaration, which was overruled.

The fourth, fifth, sixth and seventh bills of exception were taken by the defendant, substantially because the court refused to permit the defendant to prove certain statements of Judy as to his connection with the bringing of the suit; also statements of, and a letter of, Jacob Hyre, administrator, as to the connection of Trout and Judy with the case, whereby they were to have a certain per cent of the proceeds of the claim, if collected. There were some other exceptions in the record as to the ruling of the court on the question of instructions touching the evidence under the plea of *non est factum*, but they were not considered by this court.

The following is the writing obligatory and declaration:

" [$1,972.]

"On or before the first day of March next we, or either of us, doth promise and bind ourselves, our heirs, &c., to pay Saul Hyr or order nineteen hundred and seventy-two dollars, for value received. Witness our hands and seals this 13th day of February, 1850:

"JOSEPH DORAN,      (Seal.)

"JAMES FRY,      (Seal.)

"ARCHIBALD VANDIVER.      (Seal.)"

"Saul Hyr, plaintiff, complains of Archibald Vandiver, defendant, of a plea that he render to the said plaintiff the

sum of nineteen hundred and seventy-two dollars, which he owes to and unjustly detains from the said plaintiff. And thereupon the said plaintiff saith that heretofore, to-wit, on the 13th day of February, 1850, the said Archibald Vandiver, by his certain writing obligatory, sealed with his seal and now to the court here shown, the date whereof is the day and year last aforesaid, promised and bound himself, his heirs, &c., on or before the first day of March next (meaning thereby the ensuing March after the date of said writing obligatory), to pay Saul Hyr, or order, nineteen hundred and seventy-two dollars, in the said writing obligatory specified, hath, according to the tenor and effect of the said writing obligatory, been long since due and payable; and although the said Archibald Vandiver hath not paid the said plaintiff the said sum of money, or any part thereof, but to pay the same to the said plaintiff hath hitherto wholly refused, and still doth refuse, and to the damage of the said plaintiff two thousand five hundred dollars; and therefore he sues, &c."

Verdict and judgment for the plaintiff, August term, 1870. The defendant brought the case here for review.

*C. Boggess* and *Robert White* for plaintiff in error.
*C. W. B. Allison* for the defendant in error.

BERKSHIRE, P. The court is of opinion that the circuit court did not err in refusing to issue a rule against Trout and Judy, founded on the affidavits of Charles H. and Archibald Vandiver.

And the court is further of opinion that no error to the appellant's prejudice is disclosed by his second bill of exceptions, as oyer of the bond was afterwards granted, of which he had the full benefit.

And the court is also of opinion that it was not erroneous to allow the obligation to be given in evidence to the jury, upon the state of facts disclosed by the appellant's third bill of exceptions.

And the court is further of opinion that the court committed no error in excluding the statements of Judy, Trout, Roderick and Heiskill, and the letter of the appellee, as set forth in the fourth, fifth, sixth and seventh bills of excep-

tions, as they nor none of them were pertinent to the issue before the jury.

But the court is also of opinion that the court erred in over-ruling the demurrer to the declaration, as upon oyer of the obligation being granted it thereby became incorporated into and constituted a part of the declaration which was fatally defective for failing to aver the non-payment of the debt by the co-obligors of the appellant.

And the court is therefore of opinion that the judgment be reversed, with costs to the appellant here, and the cause remanded to the circuit court for further proceedings, and with leave to the appellee to file an amended declaration if he desires to do so.

The other judges concurred.

JUDGMENT REVERSED.