# Wheeling.

REYNOLDS *v.* HURST.

Decided November 19, 1881.

1. In a declaration in debt on a penal bond payable to an individual there must be an averment of the non-payment of the penalty; otherwise as to official bonds.

2. Where on a joint obligation one is sued, the defendant cannot take advantage of the non-joinder except by plea in abatement alleging the joint obligation, and that the co-obligor is alive.

3. In an action against one on a joint and several obligation the declaration need not refer to the other obligors nor allege non-payment as to them.

4. The case of *Vandiver* v. *Hyne*, 5 W. Va. 414, is overruled.

5. R. brings an action of detinue against two, and gives bond under the statute in order to take possession of the property; in order to retain it they give bond with security to have the property forthcoming to answer the judgment. In an action upon the bond the defendant pleads in bar, that judgment was against one only, and that he was thereby discharged. A demurrer to this plea was properly sustained.

Writ of error and *supersedeas* to a judgment of the circuit court of the county of Harrison, rendered on the 5th day of January, 1880, in an action in said court then pending, wherein B. S. Reynolds was plaintiff, and John W. Hurst was defendant, allowed upon the petition of the said Hurst.

Hon. A. B. Fleming, judge of the second judicial circuit, rendered the judgment complained of.

The facts of the case appear in the opinion of the Court.

*T. W. Harrison* and *E. Maxwell* for plaintiff in error cited the following authorities : 4 Rob. Pr. 109 ; 5 W. Va. 414; 2 Munf. 525; 2 Blackf. (Ind.) 192; 2 McLean 362.

*John Bassell* for defendant in error cited the following authorities: Wells on Replevin § 428; *Id.* §§ 31–45; *Id.* §§ 441–444 ; Code ch. 102 §§ 4, 6 ; Chitt. Pl. 121, 122; Buller N. P. 181 ; 3 Rand. 438 ; 9 Gratt. 89 ; Code ch. 125 § 29; Brandt Suret. & Guar. § 128.

PATTON, JUDGE, announced the opinion of the Court:

Benjamin S. Reynolds brought an action of debt against John W. Hurst in the circuit court of Harrison county on the 6th day of September, 1879, "for $600.00, damages $300.00." The defendant demurred to the declaration generally, pleaded conditions performed, on which issue was joined, and filed a special plea in writing, to which the plaintiff demurred generally. The court overruled the defendant's demurrer to the plaintiff's declaration and sustained the plaintiff's demurrer to the defendant's special plea. The case was tried by a jury, and a verdict was rendered for the plaintiff for $163.26, upon which judgment was rendered, with interest from the 5th day of January, 1881, and costs. Thereupon the defendant obtained a writ of error and *supersedeas* to this Court.

The declaration is on a penal bond or bond with collateral condition. The plaintiff declares in the usual form in the beginning of his declaration: "Benjamin S. Reynolds complains of John W. Hurst, who has been summoned to answer, &c., of a plea, that the defendant render unto the plaintiff the sum of $600.00, which to the plaintiff the defendant owes and from him unjustly detains," and then sets forth the obligation for $600.00, the condition annexed, and the breach of the condition, and concludes the declaration as follows: " And the plaintiff says, that by reason of the return of said logs to the said Gilbert L. and Amanda G. Hurst he hath sustained damages to the amount of $158.00, the value thereof as fixed by the judgment aforesaid, and that the said Gilbert L. Hurst and Amanda G. Hurst have both and each of them failed and refused to pay the plaintiff the said damages being the value of said logs as aforesaid, which have accrued to the plaintiff by reason of the return of said logs to the said Gilbert L. and Amanda G. Hurst, and that an action hath accrued to the plaintiff to have and demand the value thereof from the defendant; by reason whereof the plaintiff saith he hath been injured and hath sustained damage to the amount of $300.00. Hence he brings his suit, &c."

The proposition is too plain for discussion, that in a declaration at common law upon a bond with collateral condition for the payment of money or for the performance of some specific duty it is necessary to aver the non-payment of the pen-

alty, as well as the breach of the condition ; and such are all the forms. 4 Rob. (new) Pr. 109 ; *The State* v. *McClane &c.;* 2 Blackf. 192, (official bonds are exceptions, etc.) A bond with collateral condition is a bond to pay money with a condition annexed to be void, if a collateral stipulation to do or omit something be complied with. At common law the penalty is forfeited by the breach of the condition, and then becomes a debt, and as such is recoverable by an *action of debt,* the relief to the obligor being in a court of equity alone, which was accustomed to enjoin the obligee from compelling the obligor to pay the penalty, provided the latter would pay the actual damages sustained in consequence of the breach of the stipulation. Subsequently by stat. 8 and 9, William III. ch. 11 § 8, instead of having to resort to a court of equity, the obligee could assign as many breaches of the condition, as he chose, and a jury ascertained the actual damages sustained by reason of the breaches ; and upon this verdict, judgment was entered for the penalty of the bond, to be discharged by the payment of the damages assessed by the jury. This statute was adopted in 1 R. C. 1819 p. 509 § 82, and was continued in the Codes of 1849 and 1860.

Before these statutes only one breach could be assigned in an action of debt on a bond with collateral condition. The assignment of more was duplicity. However small the breach shown the whole penalty was recovered, and the party was driven into a court of equity to be relieved against the penalty. Coalter, Judge, in *Allison* v. *The Bank,* 6 Rand. 227. Upon breach of the condition the bond became forfeited, and constituted a *debt.*

There are two modes of declaring upon the bond, one by declaring upon it as a single bill without noticing the condition, in which case the defendant craves oyer of the condition and pleads performance, and the plaintiff replies by assigning breaches. The other is to set out the condition in the declaration and assign the breaches in it. Coalter, Judge, in *Allison* v. *The Bank, supra; Wood & Ellzey* v. *Fairfax Justices,* 4 Munf. 494 ; *Nadenbush* v. *Lane,* 4 Rand. 413 ; *Green* v. *Bailey,* 5 Munf. 246. Or if the defendant fails to plead, and the case goes to a writ of enquiry without plea, the plaintiff must assign his breaches by suggestion thereof in writing.

In either mode the form of action is debt; and the defendant must demand the penalty of the bond and allege its non-payment as in all other cases of actions of debt. The cases are numerous on this subject in Virginia and are uniform, that in an action of debt non-payment of *the debt* demanded must be averred. *Braxton's adm'r* v. *Lipscomb*, 2 Munf. 282; *Green* v. *Dulany*, 2 Munf. 518; *Norvell* v. *Hudgins*, 4 Munf. 496; *Hill* v. *Harvey*, 2 Munf. 525; *Buckner et ux.* v. *Mitchell's ex'r.*, 2 Munf. 336; *Nicholson* v. *Dixon's heir*, 5 Munf. 198; *Cobbs* v. *Fountaine*, 3 Rand. 484; *Strange* v. *Floyd*, 9 Gratt. 474; *Douglass* v. *Central · Land Co.*, 12 W. · Va., opinion of Green, Judge, 510, 511.

Counsel for the defendant in error claims, that section 29, chapter 125 of the Code, which provides: "On a demurrer (unless it be to a plea in abatement) the court shall not regard any defect or imperfection in the declaration or pleadings, whether it has heretofore been deemed mispleading or insufficient pleading or not, unless there be omitted something so essential to the action or defence, that judgment according to law and the very right of the cause cannot be given," cures this difficulty on general demurrer. By the statutes of 27 Eliz. and 4 Anne it was provided, that the court should give judgment according to the very right of the cause without regarding any imperfection, omission or want of form except those only, which the demurrant shall specially set down and express together with his demurrer or causes thereof. These statutes gave rise to the distinction between general and special demurrers. Section 29, chapter 125 simply abolished special demurrers, which only went to matters of form and left all demurrers for matters of substance as they formerly stood. 2 Min. Inst. part II 891; *Smith's adm'r* v. *Loyd's ex'r*, 16 Gratt. 313; *Coyle* v. *B. & O. R. R. Co.*, 11 W. Va. 94.

It is not always easy to determine, what is matter of form, and what is matter of substance; and precedents must be resorted to to determine this matter, where they exist; as Judge Green says in *Douglas* v. *Central Land Co.*, 12 W. Va. 511: " But these numerous decisions settle beyond a controversy, that in Virginia and in this State the declaration, whatever be the form of action, must allege non-payment of the debt generally;" and they show, that the failure to aver non-

payment is a matter of substance and not of form.   Our statute, Code ch. 131 § 17, differs from the provisions of 8 and 9 William III. ch. 11 § 8 and 1 R. C. 1819 p. 509 § 82, continued in Codes of 1849 and 1860, before referred to, in that it provides in any " action for a penalty for the non-performance of any condition, covenant or agreement the plaintiff may assign as many breaches, as he thinks fit  * * * * ;  the jury impanelled in any such action shall ascertain the damages sustained or the sum due by reason of the breaches assigned including interest thereon to the date of the verdict, and judgment shall be entered for what is so ascertained," not for the penalty to be discharged by what is actually due, but for what is actually due.

It has been suggested, that by this change in the statute as to the form of the judgment to be entered in an action on a penal bond it is no longer necessary to sue for more than the plaintiff is entitled under the law to recover.   Under the old law he could recover neither more nor less than the amount of the penalty, and therefore he had to sue for the penalty and allege its non-payment, but under the statute he can sue for what under the law he was actually entitled to recover. Without undertaking to discuss, whether in a proper action such a declaration could be maintained, it is obvious, that whatever he does sue for, whether the penalty of the bond or the sum actually due (if that could be done at all), he must aver the non-payment of the sum demanded.   He cannot demand the penalty of the bond, and aver the non-payment of some other sum.   He can not sue for the sum actually due and aver non-payment of the penalty.

In the case at bar the declaration of the plaintiff in error declared upon the penalty of the bond and averred non-payment of the damages claimed and not non-payment of the penalty.   I am of opinion, that the court improperly overruled the demurrer to the declaration on that ground.   The demurrer should have been sustained.

The bond sued on in this case is a joint and several bond executed by Gilbert L. Hurst, Amanda V. Hurst, John A. Murphy, Martin V. B. Hurst and the defendant.   It is claimed by the counsel for plaintiff in error, that the declaration is demurrable also, because it fails to aver non-payment by the co-

obligors of the defendant ; and the case of *Vandiver* v. *Hyre's adm'r*, 5 W. Va. 414, which sustains this position, is cited. In that case a suit was brought on a joint and several bond against one of three obligors. The declaration does not allude to the co-obligors, but treats the bond as if it was executed alone by the defendant. The defendant pleaded payment and *non est factum*, after the jury had been sworn. On the second day of the trial, and after several witnesses had been examined, the plaintiff offered to introduce the bond sued on in evidence to the jury. The defendant thereupon craved oyer of the bond and demurred to the declaration. The ground of demurrer was, that by craving oyer the bond became a part of the declaration, and while the declaration described a bond executed by Vandiver alone, the bond shown was executed by Vandiver and two others. The court below overruled the demurrer. The Court of Appeals held, that the court erred in overruling the demurrer. The Court in its opinion says :

" But the Court is also of opinion, that the court erred in overruling the demurrer to the declaration, as upon oyer of the obligation being granted it thereby became incorporated into and became a part of the declaration, which was fatally defective for failing to aver the non-payment of the debt by the co-obligors."

I do not understand upon what principle of pleading after issue joined and the jury sworn oyer could be craved of the instrument sued on, and the declaration be demurred to. Such practice would destroy all system in pleading, and produce confusion incalculable. Code, ch. 125, § 53 ; *Elliott et ux.* v. *Hutchinson*, 8 W. Va. 453. But assuming it to be true, that oyer was craved and the declaration demurred to in proper time, no advantage of any kind could be taken of the fact, that no averment was made of the non-payment of the debt by the co-obligors, because in a joint and several instrument treated as a several instrument, there are no co-obligors, but it must be considered according to its legal effect as the obligation of one. At common law, where two or more jointly signed an obligation, the death of one or more, when there was a survivor, extinguished the debt as to the decedent or decedents, and the obligation survived against the survivor, just as if no others had ever been joined with him in it.

Upon the death of the co-obligor the legal effect of the obligation was an obligation of the survivor alone, and in suing on such obligation and pleading it according to its legal effect it was unnecessary to allude to the decedent parties in any part of the declaration or pleadings. *Minge's ex'r* v. *Fields' ex'r*, 2 Wash. 136; *Elliott's ex'r* v. *Lyell*, 3 Call 268; *Atwell's adm'r* v. *Milton*, 4 H. & M. 253; Roane, Judge, in *Atwell's adm'r* v. *Towles*, 1 Munf. 181; *Braxton's adm'r* v. *Hilyard*, 2 Munf. 49; *Crawford* v. *Daigh*, 2 Va. Cas. 521; *Backus* v. *Taylor*, 6 Munf. 488; Lyons, Judge, in *Macon* v. *Crump*, 1 Call 587; *Buster's ex'r* v. *Wallace*, 4 H. & M. 82.

Therefore if at common law a plaintiff sued one upon a joint obligation made by two, whether this appeared on the face of the declaration or when the obligation was offered in evidence, the defendant could not take advantage of the fact by demurrer or motion to exclude; his only remedy was by plea in abatement, in which he must have alleged the joint character of the obligation, and that the party not sued was alive. In no other way could he take advantage of the non-joinder. If the party was dead, not joining him was correct pleading; if he was alive, that must have been shown by plea and in no other way.

In the case of *Cabell* v. *Vaughan*, 1 Saund. 291, it was held: "If in debt on bond it appears upon oyer, that another person is mentioned in the bond to be bound jointly with defendant, he must not therefore demur, but plead in abatement, that the other person sealed the bond and *is still alive.*" Mr. Williams in his notes to this case says, 291 *a*: "Generally speaking all joint obligors or contractors ought to be made defendants, and the plaintiff may be compelled to join them all, if *advantage be taken* of the omission *in due time* and by a *proper plea.*" * * * * "In this restricted sense is to be understood the rule, which is laid down in general terms, that the plaintiff *must* join *all* the parties as defendants. For it seems to be now settled, that in all cases of a joint obligation or deed or a joint contract in writing or by parol or *ex quasi contractu* if one only be sued, he *must plead the matter in abatement* and cannot take advantage of it afterwards upon any other plea or in arrest of judgment or give it in evidence." A number of authorities is cited. *Vide* also

*Mountstephens* v. *Brooke*, 1 B. & Ald. 224; note (4) to *Cabell* v. *Vaughan*, 1 Saund. 154 (*b*); *Cocks* v. *Brewer*, 11 M. & W. 51; *Whelpdale's Case*, 5 Rep. 119 (*a*); note (1) to *Eccleston* v. *Clipsham*, 1 Saund. 154 (*b*); *Middleton* v. *Sandford*, 4 Camp. 34; *Abbott* v. *Smith*, 2 W. Black. 947; *Hollingsworth* v. *Dunbar*, 3 Munf. 168.

I think it is conclusive from these authorities, that no advantage whatever can be taken for non-joinder of co-obligors except by plea in abatement. If this is true as to a joint obligation, how much stronger is it, where the obligation is both joint and several. So it was held in *Caldwell* v. *Becke*, 2 Exchecq. Rep. (W. H. & G.) 318: " A joint and several covenant by A and other persons, that ' they or some one of them ' will pay a certain sum may be declared upon as a covenant by A to pay; and debt will lie on such covenant." Parke, B., said, that it was properly declared on as a covenant, that the defendant would pay. In the case of *Addison* v. *Gibson*, 10 Q. B. (59 E. C. L.) 106, which was a similar case, it was held, that the covenant was properly declared on against A alone as a covenant, that A would pay that sum to D. It was said, that " this is a several covenant and therefore was properly declared on absolutely * * * ." In the same manner in actions on a joint and several bill or note the common practice is to declare against one of the acceptors without mentioning the others. In *Beaumont* v. *Greathead*, 2 C. B. 494, Maule, Judge, said, that " payment upon a joint and several note by one of the makers alone was made in discharge of each maker separately and of all jointly, and might have been pleaded as a payment by each, the defendant would therefore be placed in no difficulty by this declaration. There it was argued for the defendant, that *non constat* on the face of the declaration, that this money has not been paid although not by the defendant. But it is stated, that the money is still due and owing from the defendant to the plaintiffs: this could not be if another had paid."

On a joint and several note either of the promisors may be sued, and in the declaration it is not necessary to notice the other party. 1 Chitt. Pl. 116; Chitt. on Bills 346; 4 Camp. 34; 5 Coke 6; 1 Barn. and Ald. 224. In an action against one of several makers of a joint and several promissory note

the describing it as the separate note of the defendant without noticing the other parties is no variance; it is only pleading it according to its legal effect. 1 Saund. 291; 2 Chitt. Pl. 581; *Spaulding* v. *Evans,* 2 McLean 139. I understand the authorities to be, that where one is sued on a joint obligation, the averment of promise and non-payment on the part of the one sued is sufficient without noticing the other, and that defendant can neither by demurrer nor on the trial prevent a recovery; his only remedy is by plea in abatement. More especially is this true, where the obligation is joint and several. In suing on it in its several characters its legal effect makes it only the bond of the one sued, and as to that suit the bond must be treated, as if no other person had executed it. I am therefore of opinion to overrule the case of *Vandiver* v. *Hyne, adm'r,* 5 W. Va. 414, and to hold, that if there had been an averment of the non-payment of the penalty of the bond by the defendant in this case it would have been sufficient without averring non-payment by the other parties, who signed this bond.

Counsel for plaintiff in error insist, that the case of *Hill* v. *Harvey,* 2 Munf. 525, is in accord with *Vandiver* v. *Hyre's adm'r.* I do not understand that case to be at all similar to *Vandiver* v. *Hyre.* The case was a *joint action* against two joint obligors, Hazlegrove and Winchester; the writ was served on Hazlegrove only; the declaration charged, that the defendant Hazlegrove, had not paid the debt, but there was no averment, that Winchester, the co-obligor, had not paid it. There is no doubt about the doctrine, that in an action for the recovery of a debt, whether it be assumpsit or debt, the plaintiff in his declaration must not only allege the non-payment of his debt, but this allegation of non-payment must be general and not confined to the time when it became due, and must therefore extend to every person who had a right to receive payment, either at the time it fell due or at any subsequent time. I understand this case to hold that and nothing more. In the case of *Douglas* v. *Central Land Co.,* Judge Green, who delivered the opinion of the Court, in illustrating this doctrine refers to the case of *Hill* v. *Harvey,* as holding, that " if two obligors executed the bond and only one is sued, the declaration must negative the payment by either obligor." That was

not the point in the case and was used by way of illustration. I have conferred with Judge Green, who concurs with me, that that was not a correct statement of the ruling in *Hill* v. *Harvey*.

The only question remaining to be considered is, whether the demurrers to the plea ought to have been sustained. The declaration shows, that Reynolds had brought an action of detinue in the circuit court of Harrison county, and under the statute had given bond to take possession of the property sued for. The action was against Gilbert L. Hurst and Amanda G. Hurst, who in order to retain the property in their possession gave bond conditioned, that "if the above bound Gilbert L. Hurst and Amanda G. Hurst shall pay all costs and damages, which may be awarded against them in said suit, and all damages, that may be sustained by any person by reason of the return of said property to them, and to have said property forthcoming to answer any judgment or order of the court respecting the same made at any time during the pendency of said action, then this obligation to be void, otherwise to remain in full force and virtue." The defendant was surely on the bond, when the action of detinue was tried. There was a judgment against Gilbert L. Hurst alone for the property or its equivalent value. The plea merely avers, that by the judgment of the court " rendered in said action of detinue on the 14th day of June, 1879, the said Amanda G. Hurst was discharged from liability for said logs or their value, and this the defendant is ready to verify."

In the assignment of errors the counsel for plaintiff in error, says, that " the judgment of the court discharging said Amanda G. Hurst from said obligation operated a discharge of John W. Hurst also from the same. I think the demurrer was well taken and ought to have been sustained. The plea was immaterial. Gilbert and Amanda were sued jointly ; there was a judgment against one; it does not appear why there was no judgment against the other ; it may have been, because of infancy, coverture (as it probably was), or some other personal ground, which would not have operated a discharge of the co-defendant. But if it was upon no such ground, the judgment however erroneous could not be attacked in this collateral way. John W. Hurst was no party

to the action of detinue and cannot be heard to speak in that regard. His obligation was to have the property forthcoming to answer any judgment or order of the court respecting the same made at any time during the pendency of said action. I do not understand, that Amanda G. Hurst is released, so far as the declaration or plea shows, from the obligation of the bond; and with regard to the judgment the defendant's lips are closed in this action.

The judgment of the lower court must be reversed with costs; and such judgment, as the lower court ought to have rendered, will be entered here; the verdict of the jury must be set aside; the demurrer of the defendant to the plaintiff's declaration must be sustained, and the case remanded, with leave to the plaintiff to amend his declaration, and for such other proceedings as are in accordance with the principles settled in this opinion and further according to law.

THE OTHER JUDGES CONCURRED.

JUDGMENT REVERSED, CASE REMANDED.