ROANE, Judge.
This is an action of replevin; and, the defendant having claimed cognizance as bailiff of W. Lane, senr. the parties were at issue on the three pleas, mentioned in the proceedings.
At the trial, the defendant offered in evidence, as appears by the bills of exceptions, the deposition of T. King; and, although it was alledged, amongst other things, that it was taken by an ordinary commission, not granted on notice to the adverse party, (notwithstanding the examination was to be in Maryland;) and not directed to commissioners, selected pursuant to the act of Assembly, yet the deposition was permitted to go in evidence to the jury; and, the question is, whether this decision upon this point was legal or not ?
*358 The weight of the testimony, is a foreign enquiry on question. A suitor may, with leave of the Court,, submit testimony to the jury, which the Court may think superfluous or of no weight; the address relative to the influence of testimony, being to the jury and not to the Court; and the only province of the latter, in cases of this kind, is to prevent illegal testimony being exhibited to the jury.
If a Court can admit, as testimony, a deposition taken in another State,- in a manner unauthorised by law, I see nothing to prevent them from admitting a witness to testify without being sworn, or a deposition made within the State, not sworn to; and taken before private persons; the power of the Court in each instance is the same.
In none of these cases, will it cure the defect of legal requisites and solemnities, that the Court shall be of opinion, that the weight of the testimony was as nothing; for, the jury might have been of a different opinion; and, that impression might have produced the verdict. So, that an after-opinion of the Court, upon a point not generally before them, on the question of the admission of a deposition or witness, (I mean the contents of the one, or the information to be given by the other,) is to cure an opinion of that Court clearly illegal, without such reference; and to justify the introduction to the jury of testimony not authenticated, in the manner required by law. In other words, the doctrine is, that, when the Court shall be of opinion, that the testimony has no weight, the solemnities required by law, may be dispensed with; and e converso, they shall be adhered to ! Although, it is clear, that the jury are the exclusive judges of the weight of testimony as operating on their minds;* and, that a Court, on a question to admit the deposition or a witness, never reads the one or examines the other, with a view to decide upon its influence.
This doctrine is explicitly avowed by the Court in Ross v. Gill et ux. 1 Wash. 90; where it is laid down, that “ if the Court admit improper testimony, an exception may be taken to their opinion; but, if the question depends upon the weight of testimony, the jury, and not the Court, are exclusively and uncontroulably the Judges.” That is, as applied to this case, as the Court *359 below, admitted improper testimony, it cannot be cured by any opinion the Court may entertain, (as they are not the proper Judges,) with respect to the weight of the testimony given in the cause. This determination is supposed to be completely decisive of this point.
I suppose the counsel for the appellees was scarcely serious in arguing, that the appearance of the appellant, before the Justices in Maryland, cured the defect in awarding the commission. * The attendance was produced by fear, that his objections to the legality of the testimony might not avail him. In which case, it would be material for him to see, that the deposition was as little adverse to him as possible. But, it is not shewn, that he cross-examined the witness, or was' there otherwise than casually.
In this view of the case it is impossible to sustain a verdict, which may have been founded on this illegal testimony; and as this testimony is clearly relative to the subject in dispute, it is impossible for this Court to say, if they had power to judge, that it had no influence with the jury.
Besides, if we break through the principles and rules that have been wisely established, in respect to the present question, in this instance, it is not easy to say how far the precedent may carry us.
Upon the whole, the verdict and judgment of the County Court should have been set aside by the District Court, in consequence of the admission of this testimony, which we must now do. On the next trial, the plaintiff in replevin may be better prepared to discuss and give evidence relative to the point, whether the sum found due should be scaled or not; and the defendant may rectify his judgment-(if right,) in respect of double damages. But, I have not considered either of these questions, so as to be able to decide them, or any others made by the counsel, except that which is above stated as the ground of my opinion.
Therefore, I am for reversing the judgment of the District Court: (because of the admission of the deposition of T. King, in the proceedings mentioned,) and awarding a new trial of the issues.

[* The jury are the exclusive judges v. M’Ithancy, 4 Munf. 313.] of the weight of testimony; Whitacre

[* Clay v. Williams, 2 Munf. 123.]