Judge Roane
pronounced the court’s opinion, as follows :
This is an action brought by the appellant against the appellee to recover the mesne hires of some slaves, between the day of recovering them by the judgment of the County Court, and that of the final affirmance thereof, on appeal, by *530 this court.' 'Although a period of more than eight years e^aPse^ between the rendition of the first and last judgment? no judgment can be given in favour of the appellant, in this action; which must not equally be given in every other case; in cases where the lapse of time is short and reasonable? and the Appellate Court acts promptly upon the appeal which is carried before it. As seine lapse of time must always intervene between the rendition of the judgment, by one court, and its affirmance by the other, and it is impossible to draw- the line between a prompt and a tardy proceeding by the Appellate Court, the supporting the present action would go the length of affirming, that this action would lie in all cases’ whatsoever. Indeed, we do not understand, that the appellant puts his right of recovery upon the foot of a dilatory 'revisal of the judgment by the Appellate Court, but on the ground that there has been a portion of time, during which the appellee has held the slaves, ultimately adjudged tobe his,'without having accounted for the hires. This arose from the circumstance that the jury stopped, in their estimation of damages at the time of rendering their verdict, and did not carry it down to the time of rendering the judgment by the County Court,.and far less to that pf its affirmance by this court. The. injury, for which the present appellant goes, must have a thousand times occurred; and, yet, this is the first action which has been essayed for the purpose of compensating it. The non-existence of such an action? in a case which must have so often happened during so great a lapse of time, is a cogent argument to shew that the law is ¡not as the appellant’s counsel have supposed. If this evil should be thought to require redress, it would be better for the legislature to have remedied it by a.general regulation? than for this court to lay the foundation of innumerable suits, by sanctioning, the principle now in question; The attention of the legislature was ■ drawn to this subject, of continuing the interest, in cases of contracts, drawn to the time of payment*'in *be two acts °f January 20th, 1804, (a) and January 29th, 1805 ; (b) and yet they did not make a provision embracing- this case, although it must undoubtedly have occur *531 red to them. They probably did not extend the provision to Shis case, as well as that of contracts, because (without enquiring whether juries may not, in their discretion, take the posterior hire into their estimate,) there is no certain standard of reparation in this case, as in that, (viz. the legal rate of interest,) by which the court could govern itself in rendering its judgment; and because this evil equally existed in another case, as to which it is conceded to all hands that the action would not lie. The action, confessedly, does not lie for hires accruing between the time of finding the verdict, and that of rendering the judgment in the court below, which may often be very long when the case depends upon a special verdict, case agreed, or the like. In that case, as in this, one party has had the use of the other’s property, for a time, which has not been compensated; and, yet, no recovery can be had therefor. The judgment, which only sanctions the verdict rendered, and does not superadd ulterior interest or hires, is nevertheless conclusive of the whole case up to the time of its rendition ; and, in the cases put, of recovering interest upon judgments, by another action, they only reach the interest posterior to the judgment, and not that which intervenes between the date of the verdict, and that of the judgment. The principle of that case equally applies to the case before us. There is no greater mischief, or stronger ground of recovery, in this case than in that, in which it is conceded that no action lies. In the one case, the verdict and judgment only forms one transaction in the same courts and in the other, it forms one transaction in the same system of courts, and is not considered as a conclusive judgment, where it is appealed from, until the judgment is affirmed. In principle, there is no difference between the two cases. 1Í the appellant were now to prevail, it would not only open the door, as aforesaid, as to all cases, however short the lapse of time between the two judgments might be, but would establish a principle which the court ought to pursue, (on the maxim, that, where there is the same reason, there ought to be the same law,) and give a reparation also for the time incurred between the verdict and the judgment ; it woul(| *532 cany us to overturn the established principle, that interest or damages are not to be allowed in that case.
It is here to be remarked, that every argument which goes to interdict a recovery of mesne interest between the verdict and judgment, (we speak now without reference to the acts before mentioned,) holds a fortiori as to damages, which are uncertain, and depend upon the discretion of a jury.
On the whole, we consider, that, on the appeal, there is, as it were, a continuation of the principle which applies as between the verdict and judgment; and that no intervening damages or interest is to be given in the one case more than in the.other.
The only exception to this principle is found in the legislative will as far as it goes, for the purpose of discouraging vexatious appeals. The damages, given by the acts, on the affirmance of judgments, are not, however, considered as a penalty, nor as interest or damages, but (as was said by the court in the case of Skipwith v. Clinch, 1 Call, 86) “ as a retribution for extraordinary expence and trouble, in defending the appeal, not allowed in the bill- of costs.” This idea of the court, as to the nature of damages incurred during an appeal, goes to the reprobation of the claim now set up, whether it is demanded in the same, or in another action.
Recurring to the legislative will on this subject, as forming the only exception from the principle before stated, it is seen, that,in the Rev. Code, 1st vol. p. 82, where the defendant in any personal action appeals, (and this is a personal action,) the damages on affirmance shall be ten per centum on the principal sum and costs recovered ; and that is to be in satisfaction of all damages or interest. This provision would be violated, if further, or other, damages could be recovered, whether by the same or another action, for any debt or duty accruing during the pendency of the suit upon the appeal.
For these reasons, we are of opinion, to affirm the judgment. .... - ......

2d*volV ^296'

 Ibid. p. 82.