WALKER vs. LAUDERDALE.

1. An administratrix, who has been wrongfully dispossessed of slaves belonging to the estate, may maintain an action of detinue for them in her individual name.

Error to the Circuit Court of Fayette. Tried before the Hon. Geo. Goldthwaite.

PECK, for the plaintiff in error:

In this case the defendant sued in the court below and declared on her own title, as an individual. The evidence introduced by her, on the trial, shows that in that character she had no title whatever—that the only title she had, ·if any, was held· by her as administratrix. The proof, therefore, did not sustain the declaration, and so the court should have charged the jury. If she had sued as administratrix, she could not have recovered by proving title in herself in her own right; nor, had she sued as executrix, could she have succeeded by showing that she was entitled to recover as administratrix. In the case of Clements, adm'rx. v. Kellogg, the title made by the complainant in her bill was as tenant in common with the defendant's intestate. The proof showed that she was entitled to the whole, instead of half the estate, and for the variance between the *allegata* and *probata* she was defeated.

If an administrator resign or is removed from office, he cannot sue out execution in his own name upon a judgment recovered by him as administrator.—Salter v. Cain, 7 Ala. Rep. 478.

In this State, when an administrator *de bonis non* sues upon a note given to the administrator in chief, in that character, for goods of the estate, he is not responsible, *de bonis propriis*, for

costs, as he necessarily sues in his representative character.— Stewart et al. v. Hood, 10 Ala. 600.

When an administrator has sold property of his intestate, and has not received the money, if he resigns or is removed, he cannot maintain an action against the purchaser; the right of action is gone with the administration, and passes to the new administrator.—Harbin v. Levi, 6 Ala. 339. Neither can an administrator sue upon a note given *to him as administrator*, an asset of the estate, after he has resigned or is removed, although *no successor has been appointed.*—Dunham v. Grant, 12 Ala. 105.

Now it seems to me, the principle to be deduced from these cases is, that when the only title which gives the plaintiff a right to recover is in him as administrator, he must sue in that character. To permit a party, in such a case, to sue in his own name, is a deceit upon the defendant. By such a device the defendant is deprived of his defence under the plea of *ne unques administrator.* The character of the plaintiff could not be put in issue by such a plea, because it would be no answer to the declaration. Nor would a recovery, in such a case, be a bar to another action properly brought by a party as adminstrator.

I am not unaware that the English cases hold that where the action is upon a personal contract made with the plaintiff respecting the property of the deceased, or is for a violation of his actual possession of the assets, he may sue either in his private or in his representative character.—See the cases cited in 2 Greenl. Ev. § 338, p. 272, n. 1. But the law in this State is materially changed in this respect by our statutes and decisions.

J. L. MARTIN, for the defendant.

CHILTON, J.—This was an action of detinue brought by Sarah Lauderdale against the plaintiff in error, to recover two slaves, Lorenzo and Anderson. The plaintiff below counted upon the possession of said slaves as of her own property, in one count, and in the other as upon a bailment. Plea *non detinet* and verdict and judgment for the plaintiff below.

Upon the trial before the Circuit Court the plaintiff proved that she was the widow of one ——— Lauderdale, late of Tuscaloosa county, who died in the year 1840, and that letters of administration were granted upon his estate to her and one Fos-

ter; that in 1842 Foster resigned the administration and that she became from thence the sole administratrix; that upon the resignation of Foster the slaves belonging to the estate, including those in suit, went into the plaintiff's possession and that there has never been any distribution or settlement of the estate. The plaintiff further proved possession in the defendant at the time of bringing the suit, the value of the slaves and of their hire, and rested. The defendant asked the court to charge the jury that if the property had gone into the possession of the plaintiff as administratrix, then she could not recover in this suit brought in her individual right, which charge the court refused but charged the reverse. To this ruling of the court the defendant below excepted and now presents it as the sole point for our revision.

We cannot allow ourselves to doubt the correctness of the decision of the Circuit Court. Mr. Greenleaf says that for a violation of his actual possession of the assets the administrator may sue either in his private or representative capacity.—2 Greenl. Ev. (2 ed.) 325, § 338, and note 1, in which he cites the English cases. The administratrix holds the property in her fiduciary character; she was bound to take due care of it and see that it was appropriated to the purposes of the administration as required by law, and for her breach of duty in that behalf she was liable. Like any other fiduciary who is legally entitled to the possession of a chattel and who is deprived of his possession by one showing no right, the plaintiff in this case was fully authorised to declare upon her possession against the person detaining the slaves unlawfully. She had an election either to sue as administratrix or in her own name. There is no principle better settled than that a bailee of chattels may maintain detinue for them upon his right of possession as bailee.—Dozier v. Joice, 8 Por. Rep. 303; 10 Bacon's Abr. (Bouvier,) 134, and authorities there cited; Boyle v. Townes, 9 Leigh's Rep. 158; Berry v. Hale, 1 How. Miss. Rep. 315. In the case last cited it was held that possession alone was sufficient to maintain an action of detinue until a right to dispossess was shown. So in Boyle against Townes, the Court of Appeals in Virginia held that a person appointed *curator* and *receiver* of chattels by a court of chancery might recover in detinue upon his possession as bailee, although he did not acquire

24

the right of property by the appointment in chancery.—1 Chitty Pl. 122; Ib. 380. Upon the page last refered to, Mr. Chitty thus states the law : " The fundamental rule upon the subject of showing title in actions *ex delicto* is, that as against a mere wrong-doer or person apparently having no color of right, mere possession suffices and a special statement of title is unnecessary." Now although the action of detinue is not strictly speaking an action *ex delicto*, still we apprehend the same rule applies to it. Upon the same page this author says—" In trespass, trover, *detinue*, case or replevin for an injury to or taking away, &c. goods, the plaintiff's right to or interest in the goods either as absolute owner, or as having a limited right therein, is not otherwise described in the declaration than by the averment that they were the goods of the plaintiff, or that he was lawfully possessed of them as of his own property." The proof in this case showing that the plaintiff was entitled to the possession of the chattels sued for, not only when the suit was instituted but at the time of the trial, fully satisfies the averment in the declaration, " that she was possessed of them as of her own right," and entitled her to recover.

Let the judgment be affirmed.