D ANIEE, J-,
delivered the opinion of the Court.
The third special plea tendered by the plaintiff in error, whilst it professes in its commencement to be a plea to the whole action, answers only as to the slaves in the declaration mentioned, and is wholly silent as to the damages for detention, and as to the costs of the action against Hunt. On the death of Hunt the defendant in error had a right to demand of his administrator not only the slaves but also the damages for their detention and the costs incurred in prosecuting the original action against Hunt in his lifetime. A plea therefore averring the delivery of the slaves to the defendant in error, and the acceptance of them by him, was no answer to so much of the scire facias as claimed the damages and costs aforesaid. The Court is of opinion that the said plea was therefore defective, and that the Circuit court did not err in refusing to receive it.
The first and second special pleas do not profess in terms to answer the whole action, and might perhaps have been properly received by the Court as pleas to so much of the scire facias as demanded the slaves therein mentioned. The error (if any) however in refusing to receive said pleas was cured by the release of his recovery as to the slaves and their values, subsequently made by the defendant in error; and there is now no injury arising from the refusal of the Court to receive said pleas, of which the plaintiff in error can complain.
'*'The objection taken here in argument for the first time by the counsel of the plaintiff in error, that there is no scire facias nor declaration alleging that the slaves in controversy have since the death of Hunt, come into the possession of his administrator cannot avail him. From an inspection of the certificate of the clerk of the Circuit court which has been read by the agreement and consent of the counsel, it appears that the scire facias which issued on the 11th March 1846, is no longer on file in his office. In the absence of the said scire facias, the record being silent as to any objection having been taken to it in the Circuit court, it must be presumed by this Court that the said scire facias was in all respects regular, and that it suggested, as it ought to have done, the coining of the slaves into the possession of the administrator since the death of the testator, in which case there was no need of any such allegation by a formal declaration.
*676 The Court is however of opinion that the Circuit court erred in rendering' a personal judgment against the plaintiff in error for the damages for the detention of the slaves and the costs, instead of rendering a judgment for said damages and costs against the plaintiff in error as administrator, to be levied of the goods &c. of the testator in his hands to be administered. The said judgment is therefore reversed with costs &c., and this Court proceeding to render such judgment as ought to have been rendered ; and it appearing that the defendant in error has released to the plaintiff in error the slaves together with their respective values, it is adjudged &c. that the said defendant in error recover against the said plaintiff in error 1S00 dollars, the damages aforesaid, and the costs in the Court below, to be levied of the goods &c. of the .testator in his hands to be administered.
detinue and replevin.
I. when Detinue Lies.
II. Proof as to Property and Possession of Parties.
1. Special Property.
2. Possession of Parent Inures to Infant.
3. Five Years’ Adverse Possession.
4. Possession of Defendant under Bill of Sale.
5. Sufficiency of Counts.
III. Who May Maintain the Action.
IV. Against Whom Action Lies.
1. In General.
2. Executors.
a.Revival of Action.
V. Election of Actions.
VI. Declaration.
1. Necessary Allegations, in General.
2. Showing Plaintiff’s Property.
3. Description of Property.
a. Certainty.
b. Value.
c. Demand.
VII. Pleas.
1. NonDetinet.
a. Defences Admissible Thereunder.
(1) In General.
3.Puis Darrein Continuance.
VIII. Verdict.
1. Assessing Value.
a. Distringas Superseded.
2. Measure of Damages and Extent of Recovery.
a. Recovery of Increase of Slaves.
b. Of Hires and Profits.
IX. Judgment.
1. Form.
a. Personal Judgment against Executor and Administrator.
3. Effect of Judgment.
X. Action on Detinue Bond.
XI. Jurisdiction of Equity Courts.
XII. Evidence.
XIII. Replevin.
1. When Maintainable.
3. Excessive Distress for Rent.
3. Avowry.
4. Pleas.
5. Set-Off.
6. Present Status of Replevin.
Cross Reference to Monographic Note.
Trover and Conversion, appended to Eastern Lunatic Asylum v. Garrett, 27 Gratt. 163.
I. WHEN DETINUE LIES.
The action of detinue lies where a party claims the specific recovery of goods and chattels or deeds and writings detained from him. Steph. Pl. p. 15, approved in McFadden v. Crawford, 36 W. Va. 671. 15 S. E. Rep. 408. See also, Arthur v. Ingels, 34 W. Va. 639, 12 S. E. Rep. 872. "The design of the action of detinue is to recover the specific chattel illegally taken (and of course, therefore, illegally detained), together with damages for the-detention. And in case the specific chattel is not to be had, the value thereof is to be recovered, together with damages for detention. The action itself contemplates that it may be needful to resort to the alternative of recovering the value, and, therefore, as well in the writ of summons as in the declaration, the value of the chattel is stated.” 4 Min. Inst. (2d Ed.) 483, 490 ; 4 Min. Inst. (3d Ed.) 429.
Fixtures Attached to Freehold. — Detinue does not lie for the recovery of fixtures which are attached to and a part of the realty. McFadden v. Crawford, 36 W. Va. 671, 15 S. E. Rep. 408.
Slaves Conveyed in Trust. — But detinue will sometimes lie for slaves conveyed in trust, the trustee being dead. Robinson v. Brock, 1 Hen. & M. 214.
Proceedings under Execution Void. — If the proceedings under an execution are wholly void, no title passes by the sale to the purchaser, and the defendant may have redress in an action of detinue. Hamilton v. Shrewsbury, 4 Rand. 437.
Conditional Transfer. — Where the vendor of a slave gave a bond to the buyer, with a condition, reciting that, whereas he had sold him a slave for a certain sum of money, if, therefore, the buyer should pay him the said sum, and another sum annually for hire of the said slave until he should pay the said purchase money, which he might do at any time (when the said hire should cease), then the vendor should convey to him a lawful right and title to the said slave -, which title in the meantime should remain in the vendor, the buyer was held not entitled under this bond, to the possession and property of the slave ,- but the vendor could recover in detinue. Ervine v. Dotton, 6 Munf. 231. Until the revisal of 1819, no action could be maintained in detinue, nor any action except.for debts, by the committee of a lunatic, and these last only by the committee of a lunatic “sent to the hospital.” Ashby v. Harrison, 1 P. & H. 1.
Anomaly of Action of Detinue. — Detinue is, in one particular, an anomolous action ; it is difficult to decide whether it ought to be classed amongst actions ex contractu or ex delicto. The right to join detinue with debt, and the ability to use detinue to recover goods in pursuance of the terms of a bailment to the defendant, seem to afford grounds for reckoning it an action ex contractu; whilst the fact that it lies wherever the chattel in question is illegally withheld, notwithstanding there be no contract, but the possession of the defendant was acquired exclusively by tort, marks it as an action ex delicto. 4 Min. Inst. (2d Ed.) 484 ; Catlett v. Russell, 6 Leigh 363.
II. PROOF AS TO PROPERTY AND POSSESSION OF PARTIES.
In detinue, the plaintiff must prove property in himself, and possession in the defendant -, but *677 proof of possession anterior to the bringing- of the suit is sufficient, unless the defendant can show that he was legally dispossessed. Burnley v. Lambert, 1 Wash. 808 ; Lynch v. Thomas, 3 Leigh 682.
Í. SPECIAL PROPERTY. — The plaintiff in deti-nue, must have, at the time of bringing the action, a general or special property in what he seeks to recover, or some right of possession thereto. Robinson v. Woodford, 37 W. Va. 377, 16 S. E. Rep. 602.
Thus, a person who has only a special property as a bailee, etc., may also support the action when he delivered the goods to the defendant, or they were taken out of such a bailee’s possession. Boyle v. Townes, 9 Leigh 158.
2. POSSESSION OP PARENT INURES TO INFANT. — Where, in an action of detinue, it appears that a slave was given to an infant, and left by the donor with the mother of such infant, for its benefit (the father being dead), the possession by the mother is to be considered possession by the infant. Mortimer v. Brumfield, 3 Munf. 122.
3. FIVE YEARS’ ADVERSE POSSESSION. — Five years’ peaceable possession of a slave, will entitle a plaintiff in detinue, who has lost the possession, to recover on the mere ground of his previous possession; but without prejudice to the titles of those who were not parties to the suit. Newby v. Blakey, 3 H. & M. 57.
The court, in Morris v. Lyon, 84 Va. 331, 4 S. E. Rep. 734, said: “In Newby v. Blakey. 3 H. & M. 57, it was held that five years’ adverse possession of certain slaves, acquired without force or fraud, gave to the party holding such possession a legal right which entitled him to recover the slaves in an action of detinue. And in Elam v. Bass, 4 Munf. 301, it was decided that such possession constituted a complete defence under the plea of non detinet. And to the same effect are the cases of Spotswood v. Dandridge, 4 H. & M. 139, and Garland v. Enos, 4 Munf. 504.”
“In the cases of Newby v. Blakey, 3 H. & M. 57, and Elam v. Bass, 4 Munf. 301, it was held that a defendant may protect himself on the plea of non det-inet by proof of five years* possession of the negroes, before the emanation of the writ. ” Austin v. Jones, Gilm. 355.
Disclaimer of Title by Defendant. — But the plaintiff in detinue may adduce evidence of parol acknowledgments, by the defendant, or by the person under whom the defendant claims, that the property belonged to the plaintiff; for the purpose of rebutting an alleged adverse possession. Smith v. Townes, 4 Munf. 191.
Where the defendant, in an action of detinue, pleads the statute of limitations, and the defendant replies that within five years, etc., the defendant acknowledged the article detained to be the plaintiff’s property, such replication is insufficient for not averring also a promise in writing to deliver the possession, because the gist of the action is an unjust detention by the defendant of the plaintiff’s property. Morris v. Lyon, 1 Va. Dec. 615, 2 S. E. Rep. 515.
4. POSSESSION OF DEFENDANT UNDER BILL OF SALE. — Where, in detinue, a demurrer to evidence states that the defendant in support of his right offered a bill of sale, and no other evidence of the defendant's possession is mentioned, that is sufficient to prove the possession. The plaintiff, however, may prove parole declarations of the defendant disclaiming title to the propertj, under the bill after he had notice of the plaintiff’s purchase, and before he had perfected his own title by obtaining possession. Biggers v. Alderson, 1 H. & M. 54; Fowler v. Lee, 4 Munf. 375.
5.SUFFICIENCY OF COUNTS.
Counts. — in an action of detinue there are two counts in the declaration. The first does not allege property in the plaintiff. The second does allege it. The court refuses to allow the defendant to demur to the several counts. The jury find expressly that the property is the property of the plaintiff. Held, if the first count is defective, yet the second, being good, and the jury finding that the property was the property of the plaintiff, the defendant is not injured by the refusal of the court to allow the demurrer to be filed, and it is no cause for reversing the judgment. Binns v. Waddill, 32 Gratt. 588.
Misjoinder of Counts. — Where one of the two counts in a declaration in detinue counts on a right of property in the plaintiff and the other on a right of possession in him as bailee, there is no misjoinder of actions. Boyle v. Townes, 9 Leigh 158.
III. WHO MAY MAINTAIN THE ACTION.
Administrator. — if an administrator brings det-inue, he is not bound at the trial to produce the certificate for his obtaining letters of administration, unless he receives notice that it will be required. Hughes v. Clayton, 3 Call 554.
Curator and Receiver. — A person appointed curator and receiver of chattels by a court of chancery, does not, by virtue of that appointment, acquire a right of property, but if he brings detinue for the chattels, describing himself as curator and receiver, and counting as upon his own property, and on a bailment thereof to the defendant, the count is good, the description of curator and receiver being sur-plusage. Boyle v. Townes, 9 Leigh 158.
Joint Trustees — Death—Survival.—Where two trustees bring an action of detinue to recover the trust property, and one of them dies, the right of action survives to the other, and he may carry on the suit. Nichols v. Campbell, 10 Gratt. 560.
Bailees. — So also, a bailee of chattels may maintain detinue for them upon his right of possession as bailee. Boyle v. Townes, 9 Leigh 158.
Mortgages. — An action of detinue may be maintained by mortgagees against the purchaser of the property which has been taken under execution by a creditor of the mortgagor, although the property remained in the possession of the mortgagor for five years or more, and the deed contained no clause giving him such authority. Rose v. Burgess, 10 Leigh 186.
Married Woman. — And a married woman, too may bring an action of detinue to recover her separate personal property, and join her husband as coplain-tiff. Robinson v. Woodford, 37 W. Va. 377. 16 S. E. Rep. 602.
IV. AGAINST WHOM ACTION LIES.
1. IN GENERAL. — Detinue can never lie against one who was never in possession of the property sued for. Allen v. Harlan, 6 Leigh 42, 29 Am. Dec. 205.
2 EXECUTORS.— Detinue against an executor for property destroyed or converted by his testator, or in the possession of a co-executor, cannot be sustained. Allen v. Harlan, 6 Leigh 42, 29 Am. Dec. 205.
Possession by Executor. — But detinue for a chattel lies against an executor as such, provided the chattel actually came to the executor's possession. *678 Catlett v. Russell, 6 Leigh 344 ; Allen v. Harlan, 6 Leigh 42 ; Greenlee v. Bailey, 9 Leigh 526.
Ana detinue for property in the possession of an executor, although it was first taken and detained hy the testator, is maintainable, and the judgment and process should be against the executor, and not against the estate. Allen v. Harlan, 6 Leigh 42, 29 Am. Dec. 205.
It was said by Cabell, J., in Catlett v. Russell, 6 Leigh 360, in speaking of the defences that an executor might make in action of detinue brought against him for a chattel detained by the testator in his lifetime, “He might haye pleaded that he did not detain the property sued for, and this would haye thrown upon the plaintiff the burthen of proving, not only his own title, but possession in the defendant. He chose, however, to rely on the plea that the testator did not detain. I see no obj ection to the form of this plea, nor to its matter, as constituting an effectual defence.”
a. Revival of Action. — Detinue brought against a testator and pending at his death, may be revived by seire facias, against the executor, under statute, 1 Rev. Code, ch. 128, § 38, if the chattel demanded actually came to the executor’s possession. Catlett v. Russell, 6 Leigh 344; Allen v. Harlan, 6 Leigh 42; Greenlee v. Bailey, 9 Leigh 526. See Rose v. Burgess, 10 Leigh 186.
Suggestion in Declaration. — Therefore, it must be suggested in the scire facias or alleged in the declaration thereupon, that the goods came to the executor’s or administrator’s possession, for if the executor’s possession be nowise alleged, there can be no recovery against him. Allen v. Harlan, 6 Leigh 42, 29 Am. Dec. 205; Catlett v. Russell, 6 Leigh 344; Hunt v. Martin, 8 Gratt. 578.
Effect of Revival. — Where a defendant in detinue dies, and the action is revived against his administrator with the will annexed, the plaintiff is entitled to demand from the administrator, not only the property sued for, but damages for its detention, and the cost incurred in prosecuting the original action against the testator in his lifetime. Hunt v. Martin, 8 Gratt. 578.
. “I have never had a doubt, that an executor can-notbe charged in detinue, merely on the possession of, and detention by, the testator. The thing sued for, which is demanded in specie, must have come to the hands of the executor himself, and be detained by him, to j ustify an action of detinue against .him.” Per Bbockenbrough, J. Catlett v. Russell, 6 Leigh 348.
Revival by Consent. — Upon the death of a defendant in detinue, if his administrator consents that the cause shall, stand revived against him, such consent places the cause in the same situation that it would be in after the service of a scire facias against the administrator, alleging that the property had come to his possession and was detained by him. Greenlee v. Bailey, 9 Leigh 526.
In such a case, if the administrator, instead of pleading de novo, goes to trial upon the plea put in by his intestate, he cannot, after verdict against him, arrest the judgment because of his own failure to plead anew. Greenlee v. Bailey, 9 Leigh 526.
V. ELECTION OF ACTIONS.
“If the chattel withheld is of exceptional specific value, as by having attached to it a pretium affectionis, so that the claimant is specially desirous to recover it in kind, or if it is of a character likely to appreciate in value, these are considerations which point to the use of the action of detinue, rather than of trover and conversion-, whilst if the chattel has no specific and peculiar value, nor is likely to appreciate in value, and especially if it is likely to depreciate, and most especially if it is perishable, these considerations decidedly recommend trover and conversion, rather than detinue. In detinue the plaintiff recovers the specific chattel, if to be had, or if not, its alternative value at the time of the verdict; whilst in trover and conversion the value at the time of the conversion,. which is before suit brought, is recovered. Hence, the expediency of one or the other action, according as the property is appreciating or depreciating in value.” 4 Min. Inst. (3d Ed.) 450.
VI. DECLARATION.
1. NECESSARY ALLEGATIONS, IN GENERAL.— In detinue the plaintiff must aver and prove the kind, quality or number and value of the property claimed by him, and that he is entitled to recover the same, and that the defendant wrongfully detains it. Robinson v. Woodford, 37 W. Va. 377, 16 S. E. Rep. 602, citing Burns v. Morrison, 36 W. Va. 423, 15 S. E. Rep. 62.
2. SHOWING PLAINTIFF’S PROPERTY. — A declaration in detinue, for a slave, is insufficient to support the action, if it omits to state that the slave in question belonged to, or was the property of, the plaintiff; and such defect is not cured by the verdict. Kent v. Armistead, 4 Munf. 72.
Thus, in an action of detinue, it is necessary for the plaintiff to aver and prove that he has title to the property, with present right of possession in himself; and, secondly, actual possession thereof by the defendant anterior to the bringing of the suit. Burns v. Morrison, 36 W. Va. 423, 15 S. E. Rep. 62, citing Burnley v. Lambert, 1 Wash. 308.
3. DESCRIPTION OF PROPERTY.
a. Certainty. — An action of detinue may be maintained for an infant negro child of such a mother, without any other description. Bass v. Bass, 4 H. & M. 478.
In detinue, if a negro woman, by name, and her issue be demanded in the declaration, without naming them, and the jury find the names of the issue, the defect, if any, is cured, and judgment should be entered according to the verdict. Holladay v. Littlepage, 2 Munf. 539.
It seems, that if a declaration in detinue demand a negro woman, by name, and three children, without mentioning their names, and a case be agreed, submitting that if the law be for the plaintiff upon certain other points, judgment may be entered, in his favor, “for the slaves in the declaration mentioned,” the court may insert the names of the negro children in the judgment. Royall v. Eppes, 2 Munf. 479.

b. Value.

Severing Values. — In an action of detinue, the declaration must state the price or value of the thing converted. Moreover, the failing to lay a separate value, as to each slave demanded, is an error which would be fatal on demurrer, but is cured by a verdict severing the values. Pearpoint v. Henry, 2 Wash. 192; Holladay v. Littlepage, 2 Munf. 539. See post, this note, title “Verdict.”
It is not error that the jury find general damages for detaining several slaves, but the alternative value of each slave ought to be separately found. Holladay v. Littlepage, 2 Munf. 539.
A verdict in an action for the recovery of personal property before a justice or on its appeal must find *679 the value of the property, and of each article sued for, as in the action of detinue, and the judgment must do so. White v. Emblem, 43 W. Va. 819, 28 S. E. Rep. 761.
o. Demand — It is not necessary, in the declaration in detinue, tosíate a special demand and refusal; hut the general charge, that the defendant, “although often requested,” etc., is sufficient. Mortimer v. Brumfield, 3 Munf. 122.
But, if the declaration in detinue does not contain a demand “that the defendant render to the plaintiff,” the property sued for; yet, after verdict on the plea of non detinet judgment ought not to be arrested. Boggess v. Boggess, 6 Munf. 486.
VII. PLEAS.
1. NON DETINET. — “A formal action of detinue asserts that the defendant unlawfully detains the property, and the general issue is non detinet. denying the unlawful detention.” White v. Emblem, 43 W. Va. 819, 28 S. E. Rep. 761. See also, Boggess v. Boggess, 6 Munf. 486; Garland v. Bugg, 1 H. & M. 374.

a. Defences Admissible Thereunder.

(i) In General. — The plea of non detinet shall operate as a denial of the detention of the goods by the defendant, but not of the plaintiff’s property therein, and no other defence than such denial shall be admissible under that plea. 2 Chit. Pl. (16th Ed.) 727; Arthur v. Ingels, 34 W. Va. 639, 12 S. E. Rep. 872.
“The pleadings, generally, are the best tests of the law. The plea of non detinet traverses the allegation in the declaration, and puts it upon the plaintiff to prove them. As to the possession of the defendant, that need only be proved either at the suing ont of the writ, or at some time before.” Austin v. Jones, Gilm. 351; Arthur v. Ingels, 34 W. Va. 639, 12 S. E. Rep. 872.
Deed Void. — In detinue for slaves, parol evidence to prove that a deed was executed for the purpose of defrauding creditors, and therefore void, is admissible upon the plea of non detinet. Stratton v. Minnis, 2 Munf. 329.
Adverse Possession. — The defendant in detinue may protect himself, on the plea of non detinet (without pleading the act of limitations) by proving that he, and those under whom he claims, had possession of the property in controversy, more than five years before the emanation of the writ. And such evidence cannot be rebutted by the plaintiffs proving that, before the five years had elapsed, he brought a suit in chancery to recover the same property (which suit was dismissed on the ground that his claim was exclusively cognizable at law), and that, within one year after such dismission, he took out the writ in detinue. Elam v. Bass, 4 Munf. 301.
Burden of Proof Shifting. — in his defence the defendant may prove a want of sufficient title to the property in the plaintiff, or he may prove a want of possession in himself. If the plaintiff shall have proved an anterior possession in the defendant, the burden is shifted, and it devolves upon the latter to prove that he has been legally dispossessed. Burns v. Morrison, 36 W. Va. 423, 15 S. E. Rep. 62.
2. PUIS DARREIN CONTINUANCE.
Death of Property after Suit Brought. — Where, in an action of detinue, the sole plea interposed is non detinet, and the property sued for dies during the pendency of the suitwithout fault of the defendant, the plaintiff may recover the alternate value of the property, unless the matter is brought to the attention of the court by plea puis darrein continuance. Arthur v. Ingels, 34 W. Va. 639, 12 S. E. Rep. 872; Austin v. Jones, Gilm. 341.
Judge Tucker, in the second volume of his commentaries (p. 83) in discussing the case of Austin v. Jones, Gilm. 341, says: “Prom the consideration urged by Judge Coalter, it seems to me that the proper course in such case is to plead the death of the slave since the last continuance in bar of the recovery of the slave or her value.”
VUI. VERDICT.
Responsiveness to Issues. — Issues being joined on the pleas of non detinet, and the act of limitations, a verdict that the defendant doth detain the slaves, in manner and form, etc., is sufficiently responsive to both issues. Boatright v. Meggs, 4 Munf. 145.
Where the defendant in detinue pleads non detinet, and a special plea in bar, to which pleas there isa general replication, denying the truth of both, and issues are joined, a general verdict for the plaintiff is sufficiently responsive to both issues. Garland v. Bugg, 1 H. & M. 375.
But in detinue the jury may exceed the prices of the slaves laid in the declaration. Biggers v. Alderson, 1 H. & M. 54.
Erroneous Recitals. — If the jury find for the plaintiff the slaves in the declaration mentioned, and proceeding to state their names, and several values, recites the name of one of them erroneonsly, such error should be corrected by reference to the declaration. Boatright v. Meggs, 4 Munf. 145, citing Royall v. Eppes, 2 Munf. 479: Holladay v. Littlepage, 2 Munf. 539.
1. ASSESSING VALUE.
Verdict Finding Joint Values. — If in a declaration for several slaves laying separate values, the jury find a joint value, it is error, and as to that, a venire facias de novo, will be awarded, in order to ascertain the separate values. Higginbotham v. Rucker, 2 Call 313.
Determination of All Issues. — So also, in detinue for five slaves, if the jury find for the plaintiff as to four of them without also finding for the plaintiff or defendant, as to the fifth, the verdict will be set aside, and a venire facias de novo awarded. Butler v. Parks, 1 Wash. 76.
Writ of Inquiry. — But, in detinue for several slaves, if their value be jointly assessed in the verdict, judgment ought not to be entered, but a writ of inquiry to ascertain their respective values should be awarded. Cornwell v. Truss, 2 Munf. 195.
Omission of Material Finding, — If the j ury, in an action of detinue for slaves, finds a special verdict, and, as to some of the slaves, omits to state a circumstance which is necessary to ascertain whether the plaintiff is entitled to them or not, the verdict is insufficient, and a venire de novo ought to be awarded. Robinson v. Brock, 1 H. & M. 213.
a. Distringas Superseded. —After a distringas upon a judgment in. detinue has been returned executed, but without satisfaction, if the court on the plaintiff’s motion, directs the distringas to be superseded, so far as it relates to the specific property, and to be executed as to the alternative value, such order is not erroneous; but it seems the plaintiff may have a new distringas to be executed as to such value. Garland v. Bugg, 5 Munf. 166. See Cloud v. Catlett, 4 Leigh 462.
Notice of notion to Supersede Distringas. — Notice of a motion to supersede a distringas or for a ca. sa. or ji. fa. in lieu thereof, need not be given by the plain *680 tiff to the defendant. Garland v. Bugg, 5 Munf. 166.
It seems that, according to the common law, still in force in Virginia, the plaintiff in detinue is not entitled to the issue of the defendant’s lands or other .property, received hy the sheriff upon the distringas. Garland v. Bugg, 5 Munf. 166.
2. MEASURE OP DAMAGES AND EXTENT OP RECOVERY.
Conditional Transfer of Property. — In an action of detinue to recover personal property transferred conditionally to a vendee, which condition is brofcen, whereupon the vendor demands possession of the property, which the vendee refuses to surrender, the measure of damages for the unlawful detention of such property would he ordinarily the value of the use of the property from the time it was illegally refused to be surrendered to the vendor till the rendition of the verdict of the jury, excluding any compensation for the use of the property while the vendee held it legally, and abating nothing from the damages because of payments, in worhs or otherwise, made by the vendee to the vendor for the property under the contract. McGinnis v. Savage, 29 W. Va. 362, 1 S. E. Rep. 746.
Mortgagee of Property Conveyed under Chattel Mortgage. — If in detinue by a mortgagee for property conveyed to him by a chattel mortgage he establishes his right to recover, the measure of his damages is the amount proved to be due and unpaid on his trust lien, for which he should have alternate judgment against the purchaser. Hundley v. Calloway, 45 W. Va. 516, 31 S. E. Rep. 937.
a. Recovery of Increase of Slaves — In an action of detinue for a female slave, the recovery may be, not only for the slave named in the writ, but for her children born since the commencement of the action. Morris v. Peregoy, 7 Gratt. 373; Martin v. Martin, 12 Leigh 495. In this latter case it was left undecided whether in detinue for a female slave, her increase born pending the action can be recovered, but the dictum of the judge showed that, if the Question had been before him for decision, he would have decided that the increase could be recovered.
b. Of Hires and Profits. — Where a plaintiff, claiming as trustee in a deed of trust to secure a debt, brings an action of detinue to recover slaves, he is entitled to recover the hires or profits from the time they were held adversely. Nichols v. Campbell, 10 Gratt. 560.
Appellate Practice. — But if, in detinue for slaves, the judgment of the superior court, reversing that of the county court (which was in the plaintiff’s favor), be reversed by the court of appeals, and that of the county court affirmed, no action lies to recover the profits of the slaves, accruing between the date of the judgment of the county court, and that of its final affirmance by the court of appeals. Alderson v. Bigger, 4 Munf. 528.
IX. JUDGMENT.
1. FORM. — In detinue, the plaintiff claims the goods in specie. The judgment is, in effect, that he recover the goods if they can be obtained from the defendant by the sheriff, and a certain sum assessed by the jury for damages for the detention, and, if the goods cannot be had, then a certain sum assessed by the jury as their value, besides the damages for detention, with costs. 2 Chit. PI. (16th Ed.) 622; Arthur v. Ingels, 34 W. Va. 639, 12 S. E. Rep. 872; White v. Emblem, 43 W. Va. 819, 28 S. E. Rep. 761.
For example, if in detinue, the j ury find for the plaintiff the slaves, if to be had, or £250 for each slave, and damages 1 d.; the court may gender judgment for the slaves, if to be had, and if not, the price found by the jury, with the damages and costs, though no price or value be laid in the declaration. Bates v. Gordon, 3 Call 556.
a. Personal Judgment against Hxecutor and Administrator.— Judgment in detinue against an executor as such, should be given against him personally, for the goods by him detained, or the alternative value; but for all damages for detention, both in the testator’s time and in his own, it should be against him de bonis testatoris. Allen v. Harlan, 6 Leigh 42, 29 Am. Dec. 205; Greenlee v. Bailey, 9 Leigh 526.
But in Catlett v. Russell, 6 Leigh 344, it was held that the judgment in detinue against an executor as such, should be for the goods or the alternative value against the executor de bonis w'opriis, and for the damages for detention, both in the testator’s and executor’s own time, de bonis testatoris. Cabell, J., and Brookenbroush, J., dissented, however, holding, in accordance with the decision in Allen v. Harlan, 6 Leigh 42, that the judgment should be against the executor for the goods, if to be had, if not, for the alternative value, the damages for detention, and the costs, all to be levied de bonis testatoris.
Where an action of detinue is revived against an administrator with the will annexed, and a judgment is recovered, the judgment for the damages for detention of the property and the costs, should not be against the administrator, personally but against him as administrator, to be levied of the goods, etc., of his testator, in his hands to be administered. Hunt v. Martin, 8 Gratt. 578.
Termination of Life Estate. — An executor, or administrator, holding slaves in which his testator, or intestate, had only an estate for life, terminable upon his dying without issue living at the time of his death, may be charged in detinue, personally, and not as executor or administrator. Royan v. Eppes, 2 Munf. 479.
2. EPPECT OF JUDGMENT. — If the plaintiff obtains a judgment in detinue for slaves and their profits to the rendition of the judgment, he cannot come into eguity for the profits which afterwards accrued pending an appeal, nor to recover their increase not included in such judgment, nor to compel the delivery of them by purchasers from the defendant. Alderson v. Biggars, 4 H. & M. 470.
X. ACTION ON DETINUE BOND.
In an action on a bond given by a plaintiff in detinue to obtain immediate possession of the property, it is unnecessary to allege or prove that there was a judgment in favor of the defendant in the action settling his right to the property, and fixing its value, where the action has been dismissed or nonsuit suffered by the plaintiff. But it is indispensable to allege and prove that the property was seized from the plaintiff under process in the case, and delivered to the plaintiff in detinue. Altizer v. Buskirk, 44 W. Va. 256, 28 S. E. Rep. 789.
Possession after Execution of the Bond. — And a declaration upon a detinue bond executed under sec. lj ch. 102 of the W. Va. Code, which does not allege that the plaintiff in the action of detinue, had possession of the property after the bond was executed, is fatally defective. Bratt v. Marum, 24 W. Va. 652.
Bond Conditional — Parties to Bond. — But where a *681 bond given by the plaintiff in detinue is merely conditional that he will pay all costs and damages which might be awarded against him, or sustained by any person by reason of his suing out the action of detinue, instead of all costs awarded against him, and all damages which may accrue to the defendant or any other person, by reason of the seizure of the property, under Va. Code, § 2907, as required by that section, a recovery cannot be had thereon, by a person not a party to that action, for damages sustained by reason of the seizure of his property in such proceedings. Jackson v. Hopkins, 92 Va. 601, 24 S. E. Rep. 234.
XI.JURISDICTION OF EQUITY COURTS.
The jurisdiction of a court of equity to decree the specific delivery of title papers to heirs at law, devisees and other persons properly entitled to the custody and possession of the same, when they are wrongfully detained, or withheld from them, is not affected by the fact that a statute (Va. Code, ch. 138), gives the complainants a complete and adequate remedy by an action of detinue. In the absence of prohibitory or restrictive words in the statute, courts of equity still retain their jurisdiction in such cases. Kelly v. Lehigh, etc.. Co., 98 Va. 405, 36 S. E. Rep. 511.
Insolvency of Defendant — Injunction.—The insolvency of a defendant in detinue is no ground for an injunction to prevent the removal or disposition of the subject of litigation. An ample remedy is afforded the plaintiff by Va. Code, 1887, sec. 2907. Langford v. Taylor, 99 Va. 577. 39 S. E. Rep. 223.
XII.EVIDENCE.
Evidence Insufficient. — Although the plaintiff in detinue for a slave, proves that the defendant (whose wife was entitled to the slave in question, as part of her dower of the estate of a former husband) gave the slave to the plaintiff’s wife, when a .feme sole. upon condition that her brothers, who held the reversionary interest, would join in a deed conveying to her the absolute title, and that they promised and agreed to execute such deed, but never did. and one of them afterwards refused to do so, still this evidence is insufficient to entitle the plaintiff to recover. Fitzhugh v. Beale, 4 Munf. 186.
Proof of Gift by Defendant. — In detinue for slaves, proof on the part of the defendant that the plaintiff brought to his house one of the slaves who had run away, and then said he had given' them to the defendant’s wife, is not conclusive in his favor ; but the court may instruct the jury, that, if, from the evidence, they believe the plaintiff had given the slaves to the defendant, they should find for him. Boatright v. Meggs, 4 Munf. 145.
Evidence as to Possession. — The plaintiff who had negotiations with the defendant for the purchase of land, payment to be made with notes of a third person, called at the defendant’s office in regard to the transaction, and the defendant asked her to let him see the notes. He took them and started to leave the office, when she demanded them, but the defendant retained them, and took them to the maker to inquire about their verity. And the plaintiff again asked for the notes, but the defendant would not give them up. so subsequently the plaintiff left the office without any arrangements in regard to the sale having been made, and it was held that there was no evidence that the notes were given 'in pursuance of an agreement to purchase the land. Brown v. Pollard, 89 Va. 696, 17 S. E. Rep. 6.
XIII.REPLEVIN.
1. WHEN MAINTAINABLE — By the old common law, the writ of replevin was resorted to, for the redelivery and recovery of the specific chattel, a remedy, in some respects, more effectual than the action of detinue. The gist of the action was the tortious taking. Martin v. Martin, 12 Leigh 495 ; Vaiden v. Bell, 3 Rand. 448.
A writ of replevin lay at common law, for all goods unlawfully taken ; and this was the law of Virginia, until the act of 1823, which abolished that writ in all cases, except those of distresses for rent. Vaiden v. Bell, 3 Rand. 448.
“The action of replevin, it will be remembered, was not even at common law, available for unlawful detainer, but only where the taking is unlawful. ” 4 Min. Inst. (2d Ed.) 491.
2. EXCESSIVE DISTRESS FOR RENT. — A tenant complaining of a distress for rent, made for more rent than was in arrears and due, not having resorted to an action of replevin for redress, nor showing any reason for failing to resort to his remedy at law, is not entitled to relief in equity. Mayo v. Winfree, 2 Leigh 370.
But the court may hear evidence after verdict, in case of a replevin, in order to show that the landlord distrained for more rent than was due; on showing which, the judgment will be for the rent merely, and not the double value. Maxwell v. Light, 1 Call 117.
Retorno Habendo. — Qua*,re: If the defendant prays a retorno habendo in replevin, he can claim judgment for double rent? Blincoe v. Berkeley, 1 Call 405.
3. AVOWRY. — The common-law rules respecting the pleadings in replevin, and particularly in regard to the nicety and precision required in the avowry, are in force in Virginia, unaffected by any statutory provision; therefore an avowry, faulty according to the common-law rules applicable to that pleading, is bad on general demurrer. Southall v. Garner, 2 Leigh 372.
Nonappearance of Plaintiff. — Where the defendant in replevin makes an avowry for rent due him from the plaintiff, and then the plaintiff, failing to appear and plead, is nonsuited, it is proper to award a writ of inquiry to ascertain the avowant’s damages, under the twenty-third section of the general statute of rent, 1 Rev. Code, ch. 113. The avowry is to be considered as only a suggestion, and though it be faulty as an avowry, in not showing the landlord’s title, yet as a suggestion it is good and sufficient-Moreover the statute of jeofails would be applicable, in such a case, to cure all defects in the avowry. Bargamin v. Poitiaux, 4 Leigh 412.
Sufficiency of Issue. — if, in replevin, the avowry alleges that a sum of money was arrear for rent, and the plaintiff replies that he did not owe it at the time of the distress, it is a sufficient issue. Turberville v. Self, 4 Call 580.
4. PLEAS — Under the act of 1792 (Rev. Code, vol. 1, ch. 66, sec. 40), the plaintiff in replevin may plead as many several matters whether of law or fact, as he shall think necessary for his defence; notwithstanding such several matters be inconsistent with each other. Waller v. Ellis, 2 Munf. 88.
Errors Cured by Verdict. — The defendant cannot plead several pleas in replevin by our statute; but the error will be cured by the verdict. Vaiden v. Bell, 3 Rand. 448.
5. SET-OFF. — Where a lessor covenants to put certain repairs upon the demised premises, which *682 he fails to do, in an action of replevin upon a distress for rent, the tenant may set off the damages accrued t>y the failure of the lessor to make the repairs. Murray Caldwell & Co. v. Pennington, 3 Gratt. 91.
6. PRESENT STATUS OP REPLEVIN.
Abolished in Virginia. — The action of replevin has not existed in Virginia since 1850. The statutory substitutes for it are, in favor of the tenant, in the case of a distress for rent, delivery or forthcoming bond; in all other cases, the process of interpleader. 4 Min. Inst. (2d Ed.) 483-86-87 ; 3 Rob. Pr. (2d Ed.) 482-3; Virginia Code 1887, § 2899.
Abolished in West Virginia. — No action for replevin existsinWest Virginia. The person injured has his remedy by action; presumably by action for damages. Code of West Virginia, 1891, p. 725; Code of West Virginia, 1899, ch. 103, sec. 4.
Remedies Substituted Therefor. — In West Virginia, the action of replevin having been abolished, a replevy bond and counter forthcoming bond have been made a part of the proceedings in the action of detinue, and the scope of this action as a remedy has been enlarged and advanced by ch. 102 of the Code. Robinson v. Woodford, 37 W. Va. 377, 16 S. E. Rep. 602. See also, West Virginia Code 1899, ch. 106, pp. 794, 795.