## BOLTZE *vs.* THE STATE.

1. An administratrix who has possession of a slave belonging to her intestate's estate, is his mistress, within the purview of the statute against selling or delivering spirituous liquors to a slave without an order in writing signed by his "master or overseer.—Code § 3283.
2. An order in writing signed by a person who is neither the master nor overseer of the slave to whom the liquor was sold, is no protection to the seller.

APPEAL from the Circuit Court of Wilcox.
Tried before the Hon. JOHN GILL SHORTER.

BELSER & RICE, for the appellant.
M. A. BALDWIN, Attorney General, *contra.*

CHILTON, C. J.—The appellant, Michael Boltze, was indicted for selling or delivering spirituous liquors to a slave, named Jim, the property of Martha Farley, without an order in writing, signed by the mistress, master or overseer of said slave. The State having proved the delivery of the liquor to the slave on the night of a particular Sunday, the defendant proved that he was acting as clerk for Henry Boltze, who owned the establishment, and who had instructed and prohibited him against a violation of the law in selling liquors to slaves. He further proved, that the slave was the property of the estate of John P. Farley, but was in possession of Martha Farley, who was administratrix of said estate; that when the liquor was delivered to said slave, he brought an order signed by one J. P. Jackson, requesting Henry Boltze to send him two gallons of whiskey by the boy, who had the money to pay for it. Jackson, who wrote the order, proved, that he had sent the slave for it, and that the boy brought the same across the street and delivered it to him.

1. This being all the evidence, the court was asked to charge, that, if the jury found that the slave to whom the liquor was delivered belonged to the estate of John P. Farley, and was

7

in possession of Martha Farley only as administratrix of said estate, they must find for the defendant. This charge the court refused to give, and we think very properly ; for Martha Farley was, as the representative of the deceased, the legal owner of the slave for the purposes pointed out by the law, and is his mistress within the purview of the statute.—Code § 3283. She was the party entitled to his possession and control, and, if taken from her possession, she may maintain an action in her own name, without describing herself as administratrix, for his recovery, (10 Bacon's Abr. by Bouv. 134 ; 9 Leigh 158 ; 8 Por. Rep. 303 ; 2 Greenl. Ev. p. 325, § 338, n 1 ; Walker v. Lauderdale, 17 Ala. Rep. 359 ;) and if the slave had been stolen from her, it would have been sufficient to charge in the indictment that the slave was her property.—13 Ala. R. 156 ; 2 Russ. on Cr. 159.

The second and third charges were properly refused. The second assumes, that the vendor of ardent spirits may deliver liquor to a slave upon the written order of any one, whether he has any control over the slave as master or overseer or not; whereas, the statute expressly declares, that " Any person who sells, gives, or *delivers* to any slave any vinous or spirituous liquors, except on an order in writing signed by the *overseer* or *master* of such slave, specifying the quantity to be sold, given, or *delivered*, must, on conviction, be fined not less than fifty dollars."—Code, p. 590, § 3283.

The third charge is not only liable to the objection taken to the second, but to the further objection that it is abstract. It was : " That, if Jackson sent an order for the liquor by the negro to the defendant, and the latter merely sent it across the street to him, then they could not find the defendant guilty." There was no evidence that the defendant sent it to Jackson at any particular place. " He delivered it to the slave," says the proof, " upon Jackson's order ;" the statute says he shall only deliver it upon the order in writing of the " overseer or master," specifying the quantity. Jackson is not shown to have been either the overseer or master. The defendant was, then, guilty of a violation of the statute.

Judgment affirmed.